**McKinley COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42897.**

Court of Criminal Appeals of Texas.

June 2, 1970.

Andrew Z. Baker, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., M. Bruce Fort and R. L. Wilson, Asst. Dist. Attys., Galveston and Jim D. Vollers State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, five years.

The record reflects that McKinley Cooper killed Carl Ollison by shooting him with a shotgun. Carl Ollison, the deceased, and his wife, Alta Marie, worked at the Flagship Hotel in Galveston. Mae Burton, who lived with the appellant, also worked at the Flagship. Occasionally the deceased and his wife would take Mae Burton home. After the appellant had asked the deceased not to do so, the deceased and his wife took Mae Burton to appellant's house where appellant met them and informed the deceased that Mae Burton was not to ride in the Ollison car. Appellant had his hand in his pocket and appeared to be aggressive.

The Ollisons went into their home, the back door of which was some four or five

feet from appellant's front porch. Mrs. Ollison sent her husband to call the police. After he returned she continued to complain and curse about the appellant's conduct. Upon being informed by the appellant that he had heard her, she cursed him again and appellant cursed her. The deceased told appellant not to curse his wife. Appellant then cursed the deceased and said, "Wait", and ran back inside the house, got his shotgun, loaded it, returned to his front porch, shot into the Ollison house and killed the deceased.

Appellant presents two grounds of error and complains that the court erred when he refused to charge on threats by the deceased and self-defense.

The record shows that the deceased was not armed. Appellant testified that the deceased had never threatened him in any way before that day. The statements relied upon to raise an issue concerning threats were made by Alta Marie Ollison when she told the deceased after he had left to make the call and returned, "[i]f that had been me, I would have killed him," and she said to the deceased, "Kill that 'm. f.' ". This does not amount to a threat.

Appellant's testimony is relied upon to raise an issue of self-defense. He testified that something went wrong with his head, and he did not recall killing Carl Ollison, and when his senses came back to him, he was standing on his porch with his gun in his hand. He further testified that he was not afraid of Carl Ollison or Mrs. Ollison, and did not see a weapon in Ollison's hand and that the Ollisons were moving around in the house, but he did not know what they were doing.

During the direct examination of appellant, the following occurred:

"Q. (Mr. Baker, appellant's counsel) At that time, did you have any reason to believe they might hurt you?

"A. (Appellant) They had all the chance in the world to.

"Q. Did you have reason to think they would?

"A. I didn't know what was going on."

On cross-examination he testified that he was not afraid.

Under Article 1222, Vernon's Ann.P.C., one must actually believe he is in danger of death or serious bodily injury to rely upon self-defense. Williams v. State, 170 Tex.Cr.R. 599, 343 S.W.2d 266. See 4 Branch's Ann.P.C.2d, Sec. 2150.

There is no error in the refusal of the court to charge on self-defense because the issue was not raised by the evidence. Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109.

The judgment is affirmed.