**Rudy DOMINGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47785.**

Court of Criminal Appeals of Texas.

March 20, 1974.

Jack M. Sessom, San Angelo (Court appointed), for appellant.

Royal Hart, Dist. Atty., Gerald A. Fohn, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for murder with malice in a trial by jury; the punishment, One Hundred One (101) years.

On August 12, 1972, appellant killed James DeBerry by shooting him twice with a .22 pistol about 12:30 P.M. at the loading dock of the Alderman-Cave Mill in Winters. DeBerry was supervisor at the mill. As he and an employee were standing on the dock talking a white automobile occupied by two Mexican-Americans drove up and stopped near the dock. The passenger in the car, appellant, called deceased over to the car, they talked briefly, appellant produced a pistol and as deceased stepped back about two steps appellant shot him. An autopsy was performed and two .22 caliber bullets were removed from the body.

Immediately after the shooting, the car sped away at a high rate of speed going eastward toward Coleman. Officers were called at Coleman. They set up a roadblock and about 20 or 30 minutes after the shooting, some 24 miles away, the white automobile containing appellant as a passenger and driven by Domingo Pesina approached driving fast. After some difficulty, the officers succeeded in stopping the car. As it came to a stop, appellant threw a shiny object into the weeds by the side of the road. This object was later found to be a .22 revolver, containing two fired shells, two live shells and two empty chambers.

As the officers were arresting appellant but before they got handcuffs on him, without any questioning, he spontaneously said: "I shot the man at Winters because he exposed himself to my wife." And further, he stated that if the man didn't die he would go back and kill him.

The driver of the car, Domingo Pesina, testified to the shooting of deceased by appellant. He said he did not know the

shooting was going to occur. He and appellant had been drinking beer all the night before and had not gone to bed. Appellant did not testify either before the jury or at the hearing on his motion to suppress the oral statements.

The court held a hearing outside the presence of the jury on the admissibility of the oral statements, after which the court overruled objections as shown in its order reading in part as follows:

"The Court finds that the defendant was under arrest but that the statement or statements attributed to the defendant to the effect that he had shot a man at Winters and that if he did not die he would go back and kill him were statements voluntarily made, not in response to any question, and were res gestae of the arrest.

"It is, therefore, ordered that the defendant's objections thereto be and the same are hereby overruled, the defendant in open Court excepting.

/s/ Glenn R. Lewis

Judge Presiding"

The oral statements here were made when appellant was arrested as he was in flight from the scene of the shooting, just after he had thrown away the pistol used. The statements were spontaneous and instinctive and were not in response to questions by the arresting officers. They were res gestae of the arrest, as the trial court properly held. Art. 38.22, Vernon's Ann.C.C.P., permits the use of such oral statements without warnings, when they are "res gestae of the arrest or of the offense." Fisk v. State, Tex.Cr.App., 432 S. W.2d 912; Ramos v. State, Tex.Cr.App. 419 S.W.2d 359; Smith v. State, Tex.Cr. App., 474 S.W.2d 486; Jones v. State, Tex.Cr.App., 458 S.W.2d 654; Miles v. State, Tex.Cr.App., 488 S.W.2d 790.

Next, appellant asserts error because the trial court did not give, as requested, a charge on the law of self-defense.

The evidence did not raise the issue of self-defense. Appellant sought out and shot deceased because of a real or fancied belief that deceased had some three or more years previously exposed himself to appellant's wife. He and deceased were not shown to be acquainted. When appellant called deceased to his car, the deceased was not armed and had made no threats or attack or apparent attack upon appellant. All witnesses said that deceased backed away from appellant when appellant produced the pistol; Pesina, the driver of the car in which appellant was riding, testified deceased's hands were at his side and he acted like he was reaching for his pocket, but did not put his hand into his pocket. Since appellant did not testify, there is no evidence that appellant believed himself to be in danger or feared that deceased was about to kill or seriously injure him.

In this state of the record, the evidence did not raise the issue of self-defense. Article 1226, Vernon's Ann.P.C., provides:

"The attack upon the person of an individual in order to justify homicide must be such as produces a reasonable expectation or fear of death or some serious bodily injury."

Here there was no evidence of an attack or apparent attack, and no evidence of such a reasonable expectation or fear on the part of appellant. He was not entitled to the charge. Berry v. State, Tex.Cr. App., 504 S.W.2d 501; Cooper v. State, Tex.Cr.App., 455 S.W.2d 273; Williams v. State, 170 Tex.Cr.R. 599, 343 S.W.2d 266. See Branch's Ann.P.C.2d, Sec. 2150.

In his final ground of error, appellant complains because he was not granted pretrial discovery of a police report showing the report of indecent exposure by deceased to appellant's wife.

When this request was made, the district attorney informed the court that he did not have or know of such a report, and upon this statement the trial court denied the discovery. When the Police Chief testified, he said that appellant's wife made a report of an indecent exposure in 1967, but she did not know the man's name, and from her description he was not able to identify the man complained of. On cross-examination, appellant's attorney brought out that a written report of this complaint was made. However, he did not then ask for such report from the witness or renew his motion to obtain it. Apparently he was satisfied that when he proved to the jury that appellant's wife had, in fact, made such complaint, he had fully accomplished his purpose. Under these circumstances, no harm is shown.

There being no reversible error, the judgment is affirmed.

Opinion approved by the Court.