**Harold Dean BLOUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48439.

Court of Criminal Appeals of Texas.

May 29, 1974.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Terry Collins, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Punishment was assessed by the jury at eleven years.

Appellant contends the court erred in overruling his objection to the prosecutor's argument to the jury at the punishment stage of the trial.

Appellant made motion for probation and in support thereof testified at the punishment stage of the trial that he had never been convicted of a felony in this state or any other state. See Article 42.12, Section 3a, Vernon's Ann.C.C.P. The court instructed the jury that they might grant appellant probation if they assessed punishment not to exceed ten years and further found that appellant had never before been convicted of a felony in this state or any other state.

The record reflects the following occurred during the prosecutor's argument:

". . . Now, you can go back in the jury room and you can assess any term of punishment you want for this man and as long as the term of punishment itself is not more than ten years then the judge in his wisdom knowing all the facts of this case can grant probation to this man. You don't have to

say anything at all about probation in your verdict. If the judge in his wisdom thinks he would be a likely candidate for probation he can give probation.

"MR. HEANEY: Your Honor, I object to that, under the rules that it is within the jury's purvey to grant probation and he doesn't have to make reference to whether you can or not, Your Honor.

"THE COURT: Well, that's overruled."

The prosecutor, in effect, told the jurors that they need not concern themselves with granting probation since the judge could grant same if he felt that appellant were entitled to probation.

In Weige v. State, 81 Tex.Cr.R. 476, 196 S.W. 524, it was held that prosecutor's argument urging conviction (where defense was insanity) upon theory that accused's insanity could later be inquired into required reversal. See Crow v. State, 33 Tex.Cr.R. 264, 26 S.W. 209; Jenkins v. State, 49 Tex.Cr.R. 457, 93 S.W. 726; Patterson v. State, Tex.Cr.App., 60 S.W. 557. See also 3 A.L.R.3rd 1448.

In Oakley v. State, 125 Tex.Cr.R. 258, 68 S.W.2d 204, argument was held to be error where the prosecutor argued if the jury convicted the defendant and he was insane they could get a writ of habeas corpus and get him out of the penitentiary. The court, in condemning such argument, said it "was an appeal to the jury to disregard their responsibility of determining whether he was insane at the time of the commis-

sion of the offense." See Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575.

In Smith v. State, Tex.Cr.App., 474 S.W.2d 486, by bill of exception, it was shown that the court answered, "Yes, but *this should not be considered*," (Emphasis supplied) to the jury's question, "In event that we the jury assess 10 or less years without a probation recommendation is it within the legal power of the court to grant probation?" This Court said the jury's question should have been answered in a manner similar to the following:

"The court under the law is not permitted to answer the question which you have presented. Please consider only the instructions which have already been given and continue with your deliberations."[1]

Appellant had a right under Article 42.-12, Section 3a, V.A.C.C.P., to have the jury consider his motion for probation in the event the jury assessed punishment which did not exceed ten years. The prosecutor sought to deny appellant of this right by telling the jury that they didn't have to say anything about probation and that the judge in his wisdom could grant probation. As in Oakley v. State, supra, the prosecutor was appealing to the jury to disregard this responsibility under the court's charge. We find such argument to be improper, harmful and prejudicial to the rights of appellant.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion Approved by the Court.

[1]. This Court did not reach the question of whether the court's instruction required reversal in Smith v. State, supra, since the bill of exception failed to show that appellant did not waive the reading of the jury's note and the court's answer. In holding that reversal was not required, this court pointed out that such holding was not to be taken as approving the procedure followed.