Carl Wayne FLOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48584.

Court of Criminal Appeals of Texas.

June 19, 1974.

R. H. Stauffacher, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe, John Holmes, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, five years.

By ground of error one complaint is made of the introduction of a photograph of appellant made soon after his arrest. In our recent case of Davis v. State, 504 S.W.2d 908, we held that a picture of the accused with long hair and a beard as he appeared on the night of his arrest was admissible as part of the res gestae of the offense.

Grounds of error two and four complain of portions of the prosecutor's argument during both the guilt stage and the punishment stage. We observe that no objection was interposed to either argument, and nothing is presented for review.

Ground of error three relates to the cross examination of appellant. During direct examination by his counsel, the following occurred:

"Q All right, we have discussed before probation, have we not, you and I?

A Yes, sir.

Q And have I talked to you about the terms of probation and expalined them to you?

A Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

Q But you know that they can probate that prison term, and are you asking this jury today to grant you probation in this case and to give you a chance to show that you can measure up to the norms of society?

A Yes, sir."

On cross examination the following occurred:

"Q Your lawyer explained to you that if this jury gives you more than ten years that they couldn't probate it?

A Yes, sir.

Q And did he tell you that if they decided to give you less than ten years and don't recommend probation the Judge nevertheless could probate it if he thought it was proper?

MR. SANDERS: I will object to that, Your Honor.

THE COURT: If he knows it I will let him answer it."

This ground is presented without citation of authority. Appellant contends it was obviously harmful because of the note sent to the judge by the jury. The note read:

"Can we assess a term of less than ten years without recommending probation (or not) to be at the discretion of the trial judge?"

Appellant contends this shows that the members of the jury were confused as to their authority.

█ We have recently dealt with a similar problem in Blount v. State, 509 S.W.2d 615 (Decided May 29, 1974). There we had argument in which the prosecutor sought to deny the accused his right to secure probation at the hands of the jury, and in which he appealed to the jury to disregard their responsibility under the court's charge. Such is not the case here. The most we have is a general objection to a question. We do not interpret this question as indicating to the jury that they could disregard their responsibility under the court's charge which was the basic error in *Blount*.

Finding no reversible error, the judgment of the trial court is affirmed.