**James Bryan WOOD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49674.**

Court of Criminal Appeals of Texas.

May 28, 1975.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, and Robert Whaley, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder without malice. Punishment was assessed by the jury at five years.

Appellant and Henry Porter, the deceased, got into an argument while playing pool in Hanger One Lounge in Dallas. In the fight that followed Porter knocked appellant down and kicked him. The fight was stopped. Appellant left and some thirty minutes later returned with a shotgun. Appellant chased Porter around the parking lot. Porter got into appellant's car. Appellant fired a deer slug into Por-

ter's head and killed him. Appellant told the officers that he had thrown the shotgun down and they found it. The sufficiency of the evidence is not challenged.

In two grounds of error appellant contends that the trial court erred in admitting oral statements made by him while he was under arrest and in cross-examining him about such statements. Appellant testified that the deceased got into the car at the Hanger One Lounge and started to drive away and that he struggled with the deceased and the gun discharged. On cross-examination, without objection, appellant admitted making statements to the police after he was arrested. In rebuttal the State called Officer Michael N. Black. Black testified that he arrived at the scene one hour after the shooting and took appellant to the police station. During Black's testimony the following occurred:

"Q. (Prosecutor) Enroute to the station did the defendant make any statement in regard to the killing and the person killed?

"A. While we were—we were pretty quiet going downtown. I guess about half way down there he made a statement—I made a statement to the defendant, I told him, I said, 'Well, I guess that guy won't mess with you any more.'

"Q. And did he respond to that?

"A. Yes, sir, he did. He said, 'No, that m___ f___ won't jack with me any more.' "

We have held that a defendant's oral statement while under arrest is subject to the requirements of Article 38.22, Vernon's Ann.C.C.P. Garner v. State, 464 S.W.2d 111 (Tex.Cr.App.1971); Butler v. State, 493 S.W.2d 190 (Tex.Cr.App.1973) (with two judges dissenting); Martinez v. State, 498 S.W.2d 938 (Tex.Cr.App.1973); Harrison v. State, 491 S.W.2d 920 (Tex.

Cr.App.1973); Boyde v. State, 513 S.W. 2d 588 (Tex.Cr.App.1974); Smith v. State, 514 S.W.2d 749 (Tex.Cr.App.1974). The above statement was neither res gestae of the offense or the arrest nor did the statement lead to discovery of the gun.

The following occurred during Officer Etley's testimony:

"Q. (By the prosecutor) Now, at that time, do you know whether or not the defendant was placed under arrest?

"A. Yes, sir, he was.

"Q. All right. Did he make any comments?

"A. Yes, sir, he did. As soon as Sgt. Almond and I started searching him he said he killed that dude."

The following occurred during Sgt. Almond's testimony:

". . . I immediately jumped out of the car, opening the door between me and him, and put my shotgun on him and told him to come out from behind the truck and drop his shotgun.

"Q. And did he respond to that?

"A. Yes, said, he did. He didn't have a shotgun. He walked out into the headlights of the car and said, 'I just shot a dude; don't kill me.' "

During cross-examination, appellant admitted shooting Porter with a shotgun and the following also occurred:

"Q. (Prosecutor) Did you personally kill a lot of people in Viet Nam?

"A. No, sir.

"Q. Did you tell the police officers you did?

"A. Yes, sir, I believe I may have.

"Q. Why would you do that?

**250**

"A. I don't know what all I said; I know that I was talking a lot. I probably could have said that."

and

"Q. Do you remember repeating those words to Officer C. E. Etley, 'I just killed a dude?'

"A. No, sir, I am not denying I said it; I *don't remember.*"

Appellant also made the following comments to Officer Etley approximately two to three minutes after his arrest:

". . . 'I bet the s-- o- - b---- don't try to whip my a-- again.' "

The above statement was a spontaneous statement at the time of the arrest and admissible under Article 38.22, Section 1(f), V.A.C.C.P. Dominguez v. State, 506 S.W. 2d 880 (Tex.Cr.App.1974); Smith v. State, 514 S.W.2d 749 (Tex.Cr.App.1974); Moore v. State, 440 S.W.2d 643 (Tex.Cr.App. 1969).

In DeLeon v. State, 500 S.W.2d 862 (Tex.Cr.App.1974), the defendant made an oral statement after his arrest. That statement was also contained in a written confession. This Court held that the appellant in DeLeon was not harmed by the admission of the oral statement since the same statement was contained in the written confession.

In the instant case appellant admitted killing Porter. He also testified that he did not deny that he told Officer Etley that he had "klled a dude." Appellant also made other incriminating statements after his arrest. Appellant's res gestae statement to Officer Etley that "I bet that s.o.b. don't try to whip my a--- again" was virtually identical to the statement he made to Officer Black approximately one hour after his arrest.

We conclude that the admission of appellant's statement to Officer Black was not such an error as to cause a reversal.

No reversible error has been shown. The judgment is affirmed.[1]

---

1. Another ground of error that the court erred "in permitting certain 'have you heard' questions" has been considered and we perceive no error. It is fully discussed as Part II of this opinion and is per curiam, not for publication and not to be cited as authority. See Thompson v. State, 514 S.W. 2d 275 (Tex.Cr.App.1974).