**Carlos WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-85-00565-CR.**

Court of Appeals of Texas, San Antonio.

Sept. 24, 1986.

Kerry P. Fitzgerald, Dallas, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

Appellant, Carlos Watson, was convicted of aggravated sexual assault and sentenced by jury to confinement for nine years in the Texas Department of Corrections.

Appellant argues first that his conviction should be reserved because the trial court refused to charge the jury on the issue of probation. Application for probation was timely filed, and the appellant presented uncontroverted evidence that he had never been convicted of a felony. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3a entitles a defendant to request the jury to consider him for probation only if the sworn motion and proof show that the appellant has never been convicted of a felony in any state.

■ Denial of this statutory right mandates reversal. *Blount v. State,* 509 S.W.2d 615 (Tex.Crim.App.1974). We cannot agree with the state's argument that appellant failed to establish his entitlement to a jury charge on probation by presenting testimony that he had never been charged with a felony in any state rather than testifying that he had never been convicted of a felony. It is impossible to convict a person of a felony unless he has first been charged with the commission of an offense. Proof that appellant had never been charged with a felony, necessarily established that he had never been convicted of one.

■ Appellant did not waive his probation request by asking the jury to "consider the least amount of years in the state penitentiary." He timely requested the probation charge, established his entitlement to probation by competent evidence, and objected to the trial court's refusal to grant the charge. After his objection was over-ruled, appellant was not entitled to argue to the jury that probation could be considered.

■ The state erroneously asserts that the omission of the probation charge was harmless in light of the fact that the jury assessed an even higher punishment than that recommended by the prosecutor and thus clearly had no intention of assessing a probated sentence. Probation and punishment are separate issues. Probation is instead intended to be ameliorative and rehabilitative. *Sanders v. State,* 580 S.W.2d 349, 353 (Tex.Crim.App.1979). Since appellant met the statutory requisites to be considered for probation, he was clearly harmed by the denial of a jury charge on probation. *Blount, supra* at 616.

Appellant's first point of error is granted. Since this conviction must be reversed we find it unnecessary to consider appellant's remaining points of error.

The judgment of the trial court is reversed and remanded.