NO. 07-10-0450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 3, 2011
_____

RODERICK D. CASEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A-4330-10-05 ; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Roderick D. Casel, was convicted by a jury of assault of a family

member[1] enhanced by two prior felony offenses[2] and sentenced to confinement for life.

---

[1]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West 2011).  An offense under subsection (b)(2) is a felony of the third degree.

[2]*See* Tex. Penal Code Ann. § 12.42(d) (West 2011).  If it is shown on the trial of a third degree felony that the defendant has previously been convicted of two felony offenses and the second previous felony conviction is for an offense that occurred subsequent to the first previous felony offense having become final, punishment shall be by imprisonment for life, or for any term of not more than 99 years or less than 25 years.

Appellant presents a single issue on appeal contending the trial court erred by denying Appellant's request for a jury instruction on self-defense. We affirm.

## Background

On May 20, 2010, a Swisher County Grand Jury returned an indictment that was later amended to allege that, on or about May 11, 2010, Appellant intentionally and knowingly, or recklessly, caused bodily injury to Rachel Dean Boyd, a member of defendant's family or household, by striking Rachel Boyd and grabbing and twisting her arms and hands. The indictment also alleged that, on May 28, 2002, Appellant was convicted in the County Court At Law No. 2 of Potter County for assault against a family member, thereby raising the offense to a third degree felony. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West 2011). On August 4, 2010, the District Attorney also filed notice of his intent to introduce evidence of two prior convictions for purposes of enhancement of punishment.

During the trial held August 31 and September 1, 2010, Boyd testified that, on May 10, 2010, she called the police at approximately 11:30 p.m. to report that Appellant had assaulted her. Officer Jason Jack of the Tulia Police Department responded to the call and went to Boyd's residence. Appellant and Boyd were living at the residence and both were present when he arrived.

Boyd testified Appellant hit her, kicked her and twisted her arms and wrists for several hours before she called the police. Her efforts to calm Appellant before calling the police were to no avail. Officer Jack observed bruises consistent with an assault on

2

Boyd's biceps and wrists. Appellant smelled of alcoholic beverages on his person and his breath. Officer Jack arrested Appellant for assault—family violence.

After his arrest, Appellant and Boyd were recorded during a phone call to the jail. During that call, Boyd admitted she struck Appellant in the mouth several days prior to the incident on May 10th. She also stated that she and Appellant had been arguing before Appellant grabbed her arms and she told him to stop because he was hurting her.

In his opening statement, Appellant's counsel contended the evidence would show that Boyd was not injured and there was no evidence of marks on her. During Boyd's examination, Appellant's counsel attempted to establish that the marks on Boyd's arms and wrists were not bruises from an assault but skin pigmentation anomalies created by a childhood illness. At the close of evidence, Appellant's defense counsel moved for an instruction on self-defense based upon evidence that Boyd had struck Appellant in the mouth several days before the incident. The trial court denied the request for lack of evidence and closing arguments were commenced. During closing, Appellant's counsel asserted that the marks on Boyd's arms were caused by chicken pox when Boyd was a little girl, Boyd's testimony at trial was inconsistent with prior statements, Officer Jack did not notice any evidence of a struggle in the apartment the day of the incident, and there was insufficient evidence for the jury to find Appellant guilty of assault—family violence.

At the trial's end, the jury found Appellant guilty of assault--family violence and they also found both enhancement allegations to be "true." Appellant was sentenced to confinement for life. This appeal followed.

**Discussion**

Appellant asserts the trial court erred by denying his request for a jury instruction on self-defense because there was some evidence in support of the instruction. In support, Appellant relies, in part, on the recorded jail house telephone conversation between Appellant and Boyd wherein Boyd indicates she struck Appellant in the mouth several days before the incident and Appellant states he was not trying to hurt Boyd at the time of the incident but was only holding her hands during the argument, presumably to avoid another assault. Appellant also asserts that, in that call, Boyd "appears to agree" that he was holding her arms and wrists in an attempt to keep her from using her hands to attack him. Further, Appellant relies on Officer Jack's acknowledgement that, in a self-defense situation, holding a potential assailant's arms would be one way to defend oneself.[3]

Considering the record in a light most favorable to Appellant, we disagree because there is no evidence Appellant reasonably believed his conduct was necessary to protect himself against the use or attempted use of unlawful force by Boyd. Neither was there any evidence that Appellant admitted committing the offense of assault—family violence and was offering self-defense as justification for his conduct.

---

[3]Officer Jack agreed with Appellant's counsel on cross-examination that one way to overpower someone that you didn't want hitting you would be to grab their arms.

**Standard of Review**

In analyzing a jury-charge issue, we first determine if error occurred and, if so, we conduct a harm analysis. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). The degree of harm required for reversal depends on whether an appellant preserved error by objection. *Id.* If an appellant failed to object at trial and offered no objections to the jury charge, charge error does not require reversal unless "egregious harm" is shown. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g), *reaffirmed Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). However, if, as here, the objection was properly preserved, jury-charge error requires reversal if the appellant suffers "some harm" to his rights. *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171.

**Self-Defense Instruction**

A defendant is entitled to a self-defense instruction if the issue is raised by the evidence, regardless of whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the witnesses or the viability of the defense. *Allen v. State*, 253 S.W.3d 260, 267 (Tex.Crim.App. 2008); *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex.Crim.App. 2001). However, if the evidence, viewed in a light most favorable to the defendant, does not raise the issue of self-defense, the defendant is not entitled to an instruction. *Id.*

Under section 9.31 of the Texas Penal Code, a person is justified in using force against another when, and to the degree, he or she reasonably believes the force is immediately necessary to protect himself or herself against the other's use or attempted

use of unlawful force. Tex. Penal Code Ann. § 9.31(a) (West 2011). Because the statute provides that the force used must be reasonable as contemplated from the defendant's point of view, there must be some evidence of the defendant's state of mind or observable manifestations of the defendant's state of mind sufficient to raise the issue of self-defense. *See Reed v. State*, 703 S.W.2d 380, 385 (Tex.App.—Dallas 1986, pet. ref'd). In other words, there must be some evidence in the record to show that the defendant was in some immediate apprehension or fear of being the recipient of the unlawful use of force from the complainant. *Smith v. State*, 676 S.W.2d 584, 585 (Tex.Crim.App. 1984).

Further, because self-defense is justification for one's actions, the assertion of the defense necessarily requires an admission that the conduct occurred. *Anderson v. State*, 11 S.W.3d 369, 372 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd). *See Shaw v. State*, 243 S.W.3d 647, 659 (Tex.Crim.App. 2007), *cert. denied*, 553 U.S. 1059, 128 S.Ct. 2486, 171 L.Ed.2d 777 (2008) (holding defensive instruction only appropriate when defendant "essentially admits" to every element of offense including culpable mental state, but interposes justification to excuse otherwise criminal conduct). Thus, "[a] defendant is entitled to an instruction on the law of self-defense if there is some evidence that he intended to use force against another and he did use force, but he did so only because he reasonably believed it was necessary to prevent the other's use of unlawful force." *Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex.Crim.App. 2004) (citing Tex. Penal Code Ann. § 9.31(a)). Assertion of the defense is inconsistent with a denial of the conduct; *Ford v. State*, 112 S.W.3d 788, 794 (Tex.App.—Houston [14th Dist.] 2003, no pet.) (citing *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App. 1986)), and a

defendant is not entitled to an instruction on self-defense if "he claims that he did not perform the assaultive acts alleged, or that he did not have the requisite culpable mental state, or both." *VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex.App.—Austin 2005, no pet.) (citing *Ex parte Nailor*, 149 S.W.3d at 134)).[4]

Although a defendant is not required to testify to raise the issue of self-defense, *Boget v. State*, 40 S.W.3d 624, 626 (Tex.App.—San Antonio 2001), *aff'd,* 74 S.W.3d 23, 31 (Tex.Crim.App. 2002), there is a paucity of cases wherein the issue of self-defense has been raised without the testimony of the defendant.[5] *See Lavern v. State*, 48 S.W.3d 356, 360 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that if there is no evidence suggesting the accused responded to, or believed he was responding to the use of unlawful force, he is not entitled to an instruction on self-defense.) For example, in *Dominguez v. State*, 506 S.W.2d 880 (Tex.Crim.App. 1974), the Court found that because the defendant did not testify, there was no evidence that he believed himself to be in danger or feared that the deceased was about to kill or seriously injure him. *Id.* at 882. The *Dominguez* Court further found that there was no evidence of an attack or apparent attack by the complainant, and no evidence of a reasonable expectation or fear on the part of the defendant. *Id.* Finding that the evidence did not raise the issue of self-defense, the *Dominguez* Court held that the trial court properly refused defendant's requested instruction on self-defense. *Id.*

---

[4]*See also Maxwell v. State*, No. 03-06-00473-CR, 2007 Tex. App. LEXIS 6356 at *4-5 (Tex.App.—Austin August 6, 2007, pet. rev. dism'd) (mem. op., not designated for publication) (collected cases cited therein).

[5]Appellant did not testify at trial.

Here, also, there was no evidence of an attack by Boyd at the time of the incident. Nor was there any evidence of an act or demonstration or words coupled with acts or demonstrations by Boyd toward Appellant upon which Appellant could base any reasonable expectation or fear that he was in some apprehension or fear of being the recipient of the unlawful use of force by Boyd. *See Dominguez*, 506 S.W.2d at 882. Because there was neither direct evidence of Appellant's state of mind or evidence of an observable manifestation of his state of mind at the time he attacked Boyd, the evidence does not raise the issue of self-defense. Thus, the trial court properly denied Appellant's requested instruction. *Id. See Reed*, 703 S.W.2d at 385. Accordingly, Appellant's single issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.