·D. R. BERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 47416.

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

Clyde W. Woody and Marian S. Rosen, Houston, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction for murder without malice; the jury assessed the punishment at five (5) years' confinement.

The State's evidence reflects that at about 12:20 A.M. on October 28, 1971, H. R. Flournoy, the Sheriff of Wharton County investigated a disturbance call at appellant's residence in Wharton County. Flournoy stated that appellant was a police officer for the city of Wharton at this time and that he had formerly been employed by Flournoy as a Deputy Sheriff. Flournoy stated that appellant called him and stated, "I shot the s.o.b." Flournoy asked who it was, and appellant told him it was Herman Hyatt, the deceased.

When Flournoy arrived at appellant's residence, an ambulance and Wharton police officers were present with appellant and his wife. Hyatt was unconscious but was still breathing at the time. Flournoy stated that appellant handed him a .22 caliber rifle and stated that he had shot Herman Hyatt. Hyatt died while at the hospital and appellant was placed under arrest. The first officer to arrive at appellant's residence testified that the only persons present were appellant and his wife.

Hyatt was lying on the ground and was still breathing although he had been shot in the face.

The wife of the deceased testified that she received a call informing her that her husband had been hurt. On her way to the hospital she stopped at appellant's house because she saw her husband's truck outside and thought that the call might have been a prank. She further stated that she asked appellant if her husband was there and appellant replied, "No, he is at the hospital . . . I shot him."

The record reflects that the deceased was not armed.

Appellant in his initial ground of error contends that error was committed by the trial court in failing to submit to the jury a charge on self-defense. The trial court refused appellant's written requested charge on self-defense.

Appellant's testimony is relied upon to raise an issue of self-defense. He testified that on the night of October 27, he drank six or seven beers at a tavern immediately adjacent to his home. At about 10:00 P. M. he was tired and sleepy, so he left his wife at the tavern and walked home. He further testified that after dozing off he woke up around 11:00 P.M. when his wife came home and went to bed. Five or ten minutes later, the deceased came in the back door of appellant's home as it was his common practice to do since appellant and deceased were friends. Appellant and deceased drank another beer and talked for awhile and appellant states that he apparently dozed off again. When he awakened, appellant went to the back of the house and saw Hyatt partially disrobed in the bedroom on top of his wife in bed.

Appellant told Hyatt to get dressed and to "get out of my house and don't come back." Hyatt dressed and went outside. Appellant's wife followed Hyatt outside, as did appellant himself. Appellant again told deceased to leave and not come back. Appellant stated that at this time Hyatt walked over toward his wife so he went inside and got his rifle. Appellant went back outside and shouted at Hyatt, and Hyatt started toward him. Hyatt, however, made no menacing move. Hyatt walked up to him and grabbed at the rifle, and at this time appellant stated that he didn't know whether he pulled the trigger or what happened.

Appellant further stated that he was scared of Hyatt because "he thought he carried a hunting knife quite a bit."

On cross-examination, appellant admitted shooting and killing Herman Hyatt on October 28, 1971. Appellant stated that he was upset, mad and sick when he found the deceased and his wife in bed. Appellant also admitted that the deceased did not have a knife on his person at the time of the shooting.

Appellant's wife testified that the deceased was attempting to have sexual intercourse with her when her husband walked in the bedroom. Her testimony was substantially the same as appellant's concerning the actual shooting.

 Under Article 1226, Vernon's Ann.P.C., one must actually believe he is in danger of death or serious bodily injury to rely upon self-defense. Cooper v. State, Tex.Cr.App., 455 S.W.2d 273; Williams v. State, 170 Tex.Cr.R. 599, 343 S.W.2d 266. The evidence in this case, however, fails to raise the issue. While appellant may have been frightened when the deceased reached for the rifle, the evidence does not show that when appellant fired that shot he believed himself or anyone present to be in danger of unlawful violence against his person at the hands of Hyatt. Therefore, the failure to give the requested charge was not error. Crisp v. State, Tex.Cr. App., 470 S.W.2d 58; Cooper v. State, supra; Williams v. State, supra. Cf. Garcia v. State, Tex.Cr.App., 492 S.W.2d 592.

Appellant's first ground of error is overruled.

Appellant's last two grounds of error complain that the trial court committed er-

ror "in accepting a stipulation which was necessary to prove the corpus delicti without the appellant personally having entered into such stipulation of evidence" and "by the utilization of a stipulation in violation of the appellant's Sixth and Fourteenth Amendment rights." The grounds will be considered jointly.

The record reflects that at the beginning of the trial the following stipulation was entered into by the State and by appellant's attorney in open court in the presence of the appellant and the jury.

"MR. SALYER:[1] Your Honor, at this time come The State of Texas and the defense and offer this stipulation into evidence:

"I. That if Dr. R. E. Goelzer were here and present in this Court Room that he would testify that Herman Hyatt is dead, that he died on or about October 28, 1971, here in Wharton County, Texas; that he died as the result of one shot coming from a .22 long caliber rifle which entered about his right lip which ranged upward and lodged in his brain, according to the X-rays and the Doctor's Report.

"MR. WADLER:[2] We agree to that."

The record does not reflect that appellant personally joined in the stipulation.

 The thrust of appellant's argument is that the State did not prove by competent evidence the corpus delicti of the offense because the stipulation did not comply with Article 1.15, Vernon's Ann.C. C.P.[3] This contention is without merit, because since this was a jury trial, Art. 1.15, supra, is inapplicable. The requirements of Art. 1.15, supra, concerning stipulated evidence are relevant only to cases tried under the provisions of such statute. Felo-

ny jury trials are not affected. Basaldua v. State, Tex.Cr.App., 481 S.W.2d 851; Beaty v. State, Tex.Cr.App., 466 S.W.2d 284; Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376. See, also, the Interpretative and Special Commentaries to Art. 1.15, in Volume 1, V.A.C.C.P., by Judge Morrison and by Presiding Judge Onion, respectively.

 Appellant's second and third grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.

1. The prosecuting attorney.

2. Counsel for appellant.

3. "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, or in capital cases where the state has waived the death penalty the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing; . . . ."