**Ernest N. VARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66432.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 4, 1981.

Buckley H. Major, San Marcos, for appellant.

John L. Jackson, Asst. Dist. Atty., San Marcos, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for rape in which punishment was assessed at twenty years.

One ground of error is raised on appeal. In it the argument is advanced that it was error to permit questions on cross-examination of a defense witness, inquiring whether he had heard of a prior rape accusation against appellant. Chester Franklin was a former employer of appellant and testified to his good work record, in support of appellant's application of probation. After a hearing outside the presence of the jury, the State was permitted to ask Franklin if he had heard that appellant had been indicted for rape on an earlier occasion, during the time he was employed by Franklin.

■ On appeal, appellant argues the "have you heard" question was in violation of *Ward v. State*, Tex.Cr.App., 591 S.W.2d 810, because Franklin had not testified as a reputation witness. No trial objection was made on this ground, so nothing is presented for review. *Milligan v. State*, Tex.Cr. App., 554 S.W.2d 192.

■ Alternatively, appellant argues the have you heard question was directed to the issue of appellant's reputation for being a peaceable and law-abiding citizen, while Franklin testified only on his character as a good employee. Although most of Franklin's testimony was restricted in that manner, one question and answer went beyond the issue of employment, asking if appellant could "function as he did previously as a good person, as a functioning citizen, regularly employed and under that type of structure. . . ." Appellant's argument that Franklin's testimony concerned *only* his performance as a good employee is not supported by the record. The ground of error is overruled.

The judgment is affirmed.