John Albert DEPEW, Appellant,

v.

The STATE of Texas, State.

Nos. 2–81–154–CR, 2–81–155–CR.

Court of Appeals of Texas,
Fort Worth.

May 26, 1982.

Rehearing Denied June 23, 1982.

Discretionary Review Refused
Sept. 15, 1982.

Robert J. Wilson, Burleson, for appellant.

Tim Curry, Dist. Atty., and Robert Aldrich, Jr., Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HOLMAN, Justice.

Appeal is taken from conviction for two counts of aggravated kidnapping. V.T.C.A., Penal Code sec. 20.04.

The punishment assessed by the jury is imprisonment for twenty-three years.

We affirm.

Appellant's grounds of error complain of (1) the prosecutor asking "have you heard" questions of defense witnesses who had not testified as to appellant's reputation; (2) the court's refusal of his requested instruction on extraneous offenses; and (3) the refusal of his requested instruction on circumstantial evidence; (4) inflammatory and prejudicial comments in the prosecutor's jury argument; (5) testimony about physical evidence not yet introduced and which had not been produced for discovery as ordered by the court; (6) refusal of appellant's requested instruction on "delirium tremens"; (7) hostility by the court, denying due process; (8) the court's refusal to reshuffle the jury panel; and (9) the sufficiency of evidence.

The two indictments alleged that on February 14, 1978, the appellant did "intentionally and knowingly, abduct [Shari Steele/Kathy Ann Birdwell] without her consent by using and threatening to use deadly force . . . and with intent to inflict bodily injury on the said [women] . . . and

the said defendant did not voluntarily release the said [women] alive and in a safe place."

The evidence shows that Shari Steele, a thirteen-year-old girl, was on her way to school in Crowley, Texas, when a man in a pickup truck stopped her to inquire as to the location of a certain street.

At trial, Shari identified appellant as the man driving the pickup truck.

Shari testified that while she looked down to read a piece of paper given to her by appellant, he struck her in the back of the head and forced her into his truck. While Shari was temporarily subdued, appellant drove east on Main Street.

Sandra Corbell, an eye witness, testified that she observed the truck in transit on Main Street, saw its door come open on the passenger side, and saw Shari fall to the pavement and roll over and over until she hit the curb. The truck did not stop.

Sometime later the same morning, Kathy Birdwell was abducted in Crowley, by a man driving a pickup truck.

Kathy identified appellant as her abductor and testified that she first noticed appellant when he drove into the parking lot of her building and asked her for directions to another street.

The evidence shows that appellant got out, grabbed Kathy and forced her into his truck.

When Kathy began kicking and screaming, appellant told her: "if you don't shut up screaming, I'm going to kill you."

Kathy continued to fight and finally was able to escape from the truck when appellant slowed at a stop sign.

We conclude that the evidence was sufficient to sustain the jury's verdict, and therefore the ninth ground of error is overruled.

Appellant's first ground of error is a complaint that the State was permitted to cross-examine with "have you heard" questions of six defense witnesses who had not previously testified as to appellant's reputation in the community.

The Court of Criminal Appeals has clearly established that such conduct is reversible error. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Cr.App.1981); *Ward v. State*, 591 S.W.2d 810 (Tex.Cr.App.1978).

In the instant case, six defense witnesses who had only testified as to their personal observations of appellant's conduct were asked on cross-examination if they had heard that the appellant had been arrested previously for various charges, including reckless driving, hit-and-run, assault and battery with intent to rape, public intoxication, and another "drunk" charge.

A total of seventeen "have you heard" questions were addressed to the six witnesses.

■ Appellant, however, failed to object to five of the questions, so those are not preserved for our review. *Vara v. State*, 611 S.W.2d 105 (Tex.Cr.App.1981).

■ Appellant did object when the prosecutor asked witness Charles Kuykendall whether he had heard that the appellant had been arrested in 1966, for reckless driving and hit-and-run.

The objection made by defense counsel and overruled by the court was:

"Your Honor, I object to this. They are the ones who asked this man his reputation for being a peaceable and law abiding citizen. We never asked him that."

When the prosecutor subsequently asked the same question of witness Donald Turner, however, appellant made no objection, so any error in permitting Kuykendall's answer was cured. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980).

■ Although appellant did object to the other "have you heard" questions, the objections did not comport with the ground of error now presented on appeal.

Consequently, nothing is presented for review. *Milligan v. State*, 554 S.W.2d 192 (Tex.Cr.App.1977).

The first ground of error is overruled.

Appellant's second, third and sixth grounds of error attack the court's refusal of his requested jury instructions on extraneous offenses, circumstantial evidence and "delirium tremens".

■ As to extraneous offenses and "delirium tremens", appellant did not present the trial court with his requested instructions in writing, so no error is preserved on grounds two and six. V.A.C.C.P. art. 36.15; *Black v. State*, 503 S.W.2d 554 (Tex.Cr.App. 1974); *Smith v. State*, 415 S.W.2d 206 (Tex. Cr.App.1967).

The only instruction appellant requested in writing pertained to the law of circumstantial evidence.

■ From the record, it is clear that the state did not rely entirely upon circumstances for conviction.

An instruction on circumstantial evidence is unnecessary when the State relies only in part on circumstantial evidence. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App. 1977); *Odumes v. State*, 445 S.W.2d 218 (Tex.Cr.App.1969).

Appellant's second, third and sixth grounds are overruled.

■ The fourth ground contends that the following portions of the prosecutor's jury argument were inflammatory and prejudicial to the appellant:

[PROSECUTOR]: "They told you how dirty that pickup was and all of those beer cans and everything and then he tells you that is my fault not to ask her—"

Appellant's objection to these remarks was sustained, and the jury was instructed to disregard. His motion for mistrial was overruled.

Having reviewed the entire record, we are unable to conclude that the offending remarks were so prejudicial as to deny appellant a fair trial.

We conclude that any error that may have remained after the trial court's instruction for the jury to disregard was harmless. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979).

■ Later in the argument, the prosecutor made the following statements:

"Mr. Wilson got up here and told you that the jury is the foundation that keeps this country free. I have no quarrel with that statement. I have no quarrel with the jury system but I would like to remind you of the other side of that other side of the comment. That is that in our system of justice and in our means of law enforcement, the people enforce the laws themselves through the jury system.

.     .     .     .     .

"There is no one who can do anything about misconduct except you, Ladies and Gentlemen on the jury. The buck stops with you. When you took your oath as jurors, you assumed a responsibility, an awesome responsibility as Mr. Wilson calls it and maybe that is true, but you undertook it. I ask you not to buck that responsibility now. The evidence crys (sic) out for this man's conviction, for this man's guilt. Don't avoid your responsibility. Find this man guilty of aggravated kidnapping as charged by the evidence and required by the law."

Appellant's objections to these statements were overruled.

We hold that the argument was a reasonable plea for law enforcement, not manifestly improper and prejudicial, and did not deprive appellant of a fair trial. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977).

Appellant's fourth ground of error is overruled.

■ The fifth ground complains that during the trial, the prosecutor made various references to a nurse's jacket and keys which were not admitted as evidence.

The jacket and keys were items alleged to have belonged to one of the kidnap victims and were allegedly found in appellant's pickup.

Appellant made no objection when police officer Odell Woodard testified that he found the jacket and keys in appellant's truck.

He did object after former assistant district attorney Michael Frederick testified that officer Woodard had given him custody of the jacket as evidence for this case.

Appellant's request that the jury be instructed to disregard was denied, and his motion for mistrial was overruled.

From the record we do not conclude bad faith on the part of the State in referring to the nurse's jacket and keys that had been identified and discussed in testimony of more than one witness without objection.

Absent a showing of bad faith, the reference to the exhibits not in evidence was not error. *Quintanilla v. State*, 501 S.W.2d 329 (Tex.Cr.App.1973).

Appellant's fifth ground of error is overruled.

In his seventh ground, appellant contends that he was denied due process of law by the court's open hostility toward him and his counsel.

From the record, we are unable to conclude that appellant was denied due process of law. There is no evidence of hostility to appellant or his counsel, and appellant's complaint in this regard is without merit.

Appellant's seventh ground of error is overruled.

In his eighth ground, appellant contends that the court committed error in denying his request for a reshuffle of the jury panel.

The record reflects that the State had completed voir dire and the defense had started voir dire when said request was made.

An accused is not entitled to a reshuffle after the voir dire has begun. *Roberson v. State*, 582 S.W.2d 422 (Tex.Cr.App.1979); *Thomas v. State*, 624 S.W.2d 383 (Tex.App.—Fort Worth 1981).

Appellant's eighth ground of error is overruled.

Judgment is affirmed.