**Johnny Lee PHOENIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 63782.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 27, 1982.

Robert S. Pieratt, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Chris Lorenzen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder in the 179th District Court of Harris County, Texas. Punishment was assessed by the court at 20 years.

In his sole ground of error the appellant challenges the trial court's refusal to instruct the jury on the law of protection of property, V.T.C.A., Penal Code Secs. 9.41 and 9.42.

The appellant urges and the record indicates that the appellant was the sole employee and in charge of running a pool hall on the evening of November 7, 1978. Appellant states that the deceased, also present at the pool hall that night, would not let the appellant reenter the pool hall after they fought. Appellant states that the deceased threatened to "bust (his) head open" if he tried to reenter. Appellant urges that since the deceased dispossessed him of the property that evening he is entitled to an instruction on protection of property under V.T.C.A., Penal Code Sec. 9.41(b).

Section 9.41(b) states:

"A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses force immediately or in fresh pursuit after the dispossession and:

"(1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or

"(2) the other accomplished the dispossession by using force, threat or fraud against the actor."

The record supports appellant's right to use force to recover possession of the pool hall. However, the record indicates the appellant used *deadly force,* to-wit: a broken bottle.

Deadly force is defined under V.T.C.A., Penal Code Sec. 9.01(3) as a "force that is intended or known by the actor to cause, or in the manner of its use is capable of causing, death or serious bodily injury." Since deadly force was used by appellant, we must look to V.T.C.A., Penal Code Sec. 9.42 which states in part:

"A person is justified in using deadly force against another to protect land or tangible, movable property:

"(1) if he would be justified in using force against the other under Section 9.41 of this code; *and*

"(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to prevent the other's *imminent* commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

"(B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

"(3) he reasonably believes that:

"(A) the land or property cannot be protected or recovered by any other means; or

"(B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury." (Emphasis added.)

There is no evidence in the record of imminent arson, burglary, robbery, theft, criminal mischief or the commission of any of these crimes. The testimony reflects the closest the appellant came to showing an imminent crime was when the appellant testified as follows:

"Q. ... When he—when you went out or whether he ran you out, when you were on the outside, to get back into that building, why didn't you go and call the police?

"A. If I would have left, he probably would have tore up the pool table, and I'm supposed to be responsible for it. I would have been in charge of it."

Although appellant had a fear of potential damage to the pool hall there is no evidence of an imminent crime or damage to the property. We do not reach the question as to whether the appellant may have reasonably believed that the pool hall could not be protected or recovered by any other means under Sec. 9.42(3), *supra*, because there is no evidence to raise the issue that a crime was committed or imminent under Sec. 9.42(2), *supra*. Accordingly, the evidence is insufficient to require a defense instruction of deadly force to protect property. See *McDonald v. State*, 597 S.W.2d 365 (Tex.Cr. App.).

The judgment is affirmed.