**Charles Howard JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-82-00600-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 11, 1984.

Walter Pink, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before JACK SMITH, COHEN and BASS, JJ.

Corrected Opinion

BASS, Justice.

Appellant was indicted for attempted murder and aggravated assault. The jury found appellant guilty of aggravated assault and the trial court assessed punishment at eight years confinement.

We affirm.

On April 25, 1981, the complainant, Don Ricardo Williams and Frank Barnes had been drinking beer outside a liquor store on Cullen Boulevard in Houston when they decided to go to a parking lot. While taking a shortcut through a laundromat, the appellant, manager of the laundromat, approached Williams and Barnes and accused them of stealing the washing machine receipts. Williams' response is unknown, but appellant went out to his car and returned later with a gun. He again approached Williams and there was a second confrontation. When appellant again accused Williams of stealing his "stuff," (the sack which contained the coins collected from the laundry machines) and demanded its return, the complainant told him he was "confused." Appellant testified at trial that Williams also said, "I got what you got," and then "I got something else for you." As Williams stepped back and "reached," the appellant shot him. These events occurred between 2:00 and 2:30 in the afternoon. Appellant claimed the shooting was in self-defense, or in defense of stolen property.

In his first ground of error, appellant contends the trial court abused its discretion when it refused to submit all of the relevant testimony by Clyde Allen on the issue of whether or not the complainant made a threatening gesture. It is appellant's position that this refusal is both an abuse of discretion under Article 36.28 of the Code of Criminal Procedure and a violation of the appellant's right of due process.

During their deliberation, the jury sent a note to the court asking for "Clyde Allen's testimony." The court responded with a note informing the jury that they could only request the testimony necessary to

resolve a bona fide dispute and that they needed to "pin point that testimony, for example which attorney was conducting the examination or the subject matter under dispute." The jury then sent out a second note stating "We have a dispute as to whether Clyde Allen testified that Williams made a threatening gesture (i.e. to reach for the back pocket)" and then requested the "court records from the D.A.'s first questions."

Defense counsel asked the court to include in its response to the jury all relevant testimony concerning this issue elicited on direct and cross examination. The trial court denied the appellant's request, overruled his objection, then read only the testimony elicited by the District Attorney on direct examination. The testimony re-read to the jury is set forth below:

Q: And what did you see Mr. Williams do, if anything?

A: Mr.—I seen Mr. Williams make one step backwards or two, I'm not sure, but he did this (indicating).

Q: Could you demonstrate to the Jury what he did?

A: Whatever was said between the two about the money, well, he made a step back and then he did this (indicating) and then a gun fired and he was hit.

Q: Now, you testified that Mr. Williams stepped back and put his hand on the side (indicating)?

A: Yes, ma'am.

Q: Mr. —uh—Mr. Allen, now, during this whole course of events, did you see the complainant make any threatening move to the defendant in this case?

A: No more than step backwards.

Appellant's trial counsel requested that the court include the following testimony for the jury, but the court declined to do so:

Q: Now, is it your statement that the man that was shot stepped back and some words were mumbled as he reached for his back pocket?

A: Well, he reached back.

Q: Well, he reached back is what I mean.

A: Yes, sir, he did.

Article 36.28 Tex.Code Crim.P. provides that:

In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's note that part of such witnesses' testimony on the particular point in dispute, *and no other.* (emphasis added).

Certainly, under Article 36.28, the trial court may allow the jury to hear a disputed portion of a witnesses' testimony. The Code, however, places strict limitation upon the court as to the scope of their response. These limitations are necessary both to prevent undue delay, and to avoid an apparent bolstering by the Court of either side's case.

■ Therefore, once a jury asks to rehear testimony, it is the duty of the court to first determine if the request is proper under Article 36.28, *supra.* If the request is proper, the court must then interpret the communication, and decide, in its discretion, what sections of the testimony will best answer the inquiry and limit the testimony accordingly. *Iness v. State,* 606 S.W.2d 306 (Tex.Crim.App.1980).

■ In the present case, the court interpreted the jury's request as asking only for the testimony elicited by the district attorney. From the text of the note, and the requirement of the article allowing the reading of the testimony requested, we do not find that the trial court abused its discretion.

Appellant's first ground of error is overruled.

In appellant's second ground of error, he contends the trial court erred in refusing to charge the jury under Texas Penal Code sec. 9.42, entitled "Deadly Force to Protect Property" when the same was raised by the evidence and requested by defense counsel at trial.

■ The court must submit such a charge only when the evidence raises this fact issue. *Phoenix v. State*, 640 S.W.2d 306 (Tex.Crim.App.1982); *Rogers v. State*, 653 S.W.2d 122 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd.).

Texas Penal Code section 9.42, Deadly Force to Protect Property, reads in pertinent part:

(1) if he would be justified in using force against the other under Section 9.41 of this code; and

(2) when and to the degree he reasonably believes the deadly force is immediately necessary;

(A) to *prevent* the other's *imminent commission* of arson, burglary, robbery, aggravated robbery, or theft during the nightime from escaping with the property; and (emphasis added)

(B) to *prevent* the *other who is fleeing* immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and (emphasis added)

(3) he reasonably believes that:

(A) the land or property cannot be protected or recovered by any other means; or

(B) the use of *force other than deadly force to protect* or *recover* the land or property would expose the actor or another to a substantial risk of death or serious bodily injury. (emphasis added)

■ The testimony in the present case raised the issue of self defense, there is, however, no evidence which indicates that the appellant shot the complainant in order to protect the appellant's property. To the contrary, the evidence shows that the *theft*, if any, had occurred prior to the first or second confrontation, and the complainant was not in flight at the time deadly force was used.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.