James **WARREN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–407–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 26, 1989.

Rehearing Denied Feb. 23, 1989.

---

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, UTTER, and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of aggravated assault, and the court assessed punishment at four years' confinement and probated the sentence for four years. Appellant struck the truck in which the victim was seated with a baseball bat. By five points of error, appellant attacks the evidence and the charge, and by a supplemental brief, he challenges the indictment. We affirm the trial court's judgment.

The victim and her husband testified that they pulled into appellant's service station during a rainstorm to take shelter and to move a large cloth suitcase from the rear of their pickup truck into the cab. Since they were not buying gas, they were asked to leave. Appellant and his son started pushing the truck away from the island and into the rain. The couple resisted, pushing the opposite direction. The husband testified he was still struggling to fit the suitcase into the cab during this time. Appellant claimed the husband hit him with a hammer as he ran to his office and pushed him through the glass door. The couple claimed there was no hammer and that appellant slipped and fell through the door. He and his son came out with baseball bats, and the witnesses agreed that appellant hit the truck with his bat. The husband testified he was trying to start the truck to leave. The windshield shattered and the glass injured the victim.

Appellant contends that the indictment is fundamentally defective for failing to allege specific acts constituting recklessness, relying on *Gengnagel v. State*, 748 S.W.2d 227, 230 (Tex.Crim.App.1988). We have searched the record and find no objection to the indictment in the trial court.

From its docket number at the Court of Criminal Appeals, we infer that the indictment in *Gengnagel* must have been presented to the trial court before Tex. Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1988) became effective on December 1, 1985. Under art. 1.14(b), failure to object to a defect of form or substance in an indictment or information before the date of trial waives the error.

Further, our examination shows that the indictment did charge an offense. *See Hill v. State*, 750 S.W.2d 2, 5 (Tex.App.—Fort Worth 1988, pet ref'd—untimely filed). The indictment stated, in pertinent part, that appellant did "recklessly cause bodily injury to Patricia Deroo by then and there using a deadly weapon; namely, a baseball bat which in the manner of its use was capable of causing serious bodily injury and death." From the trial, it is plain that the recklessness was appellant's striking the truck with the bat. Since even appellant testified that he did so, we find that appellant was not denied adequate notice to prepare a defense. *See Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986). We overrule the point in appellant's supplemental brief.

■ By point one, appellant claims that the evidence was insufficient to prove use of a deadly weapon. The weapon in this case was a baseball bat. Like a knife, club, or board, it is not a deadly weapon *per se. See Dopps v. State*, 723 S.W.2d 669, 670 (Tex.Crim.App.1986); *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983); *Granger v. State*, 722 S.W.2d 175, 176 (Tex.App.—Beaumont 1986, pet. ref'd). The State can prove a weapon to be deadly by showing the manner of its use or intended use, its capacity to produce death or serious bodily injury, and its size and shape. *Blain*, 647 S.W.2d at 294. A jury may consider all of the facts of a case, including the victim's fear. *See Blain*, 647 S.W.2d at 294.

The standard for review of the sufficiency of the evidence, whether circumstantial or direct, is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gardner v. State*, 699 S.W.2d 831, 836 (Tex.Crim.App.1985).

■ Witness Belinda Garza testified that the bat introduced into evidence was similar to the one appellant used. The victim testified that appellant used the bat like a club, swung it pretty hard, and bashed in the windshield. She testified she believed she would have been killed with the bat if she hadn't gotten into the truck so quickly, and that she screamed, "They're gonna kill us," to her husband. The victim's husband, who witnessed the bat's use, was asked if the bat, in the way it was used, was capable of causing serious bodily injury or death. He responded that without a doubt, had the bat struck a person it would have killed them. Photos of the damage the bat did to the truck are in evidence. The expert witness, Dr. Joseph Rupp, testified that the bat, used in the manner the evidence reflected, was capable of causing serious bodily injury or death. Thus, the evidence was sufficient to support a finding that the bat was a deadly weapon. We overrule point one.

By points two through five, appellant alleges defects in the court's charge to the jury. Appellant claims various defenses were not properly submitted in the charge. Upon timely request, a defendant is entitled to an instruction on every defense the evidence raises. *Dyson v. State*, 672 S.W. 2d 460, 463 (Tex.Crim.App.1984). However, his objections to a court's charge must be in writing or dictated to the court reporter, Tex.Code Crim.Proc.Ann. arts. 36.14 and 36.15 (Vernon Supp.1988), and refused instructions must be certified and filed, Tex.Code Crim.Proc.Ann. art. 36.17 (Vernon 1981). *See Love v. State*, 646 S.W. 2d 487, 488 (Tex.App.—Amarillo 1982, pet. ref'd); *Depew v. State*, 634 S.W.2d 770, 773 (Tex.App.—Fort Worth 1982, pet. ref'd). If these requirements are not met, we reverse only if an error created such harm that the record shows that the defendant has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984); Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981). Since we have found no

requested, refused instructions in the papers of this case, we apply the above test.

■ Appellant's third point states that the trial court erred in refusing to charge the jury on self-defense on the aggravated assault charge. We have examined the evidence and do not find any evidence to support a self-defense charge. While the testimony conflicts on whether the victim's husband hit appellant with a hammer, this would have been during appellant's retreat to his office. To claim self defense, appellant must present evidence that his actions were immediately necessary to protect himself. *Cerda v. State,* 557 S.W.2d 954, 958 (Tex.Crim.App.1977); *see Reece v. State,* 683 S.W.2d 873, 874 (Tex.App.—Houston [14th Dist.] 1984, no pet.). No evidence shows that the victim or her husband pursued appellant into his office or threatened him after he got the bat. The victim and her husband testified that they were trying to leave, and appellant testified they were both in their truck when he struck it. No evidence shows that the victim or her husband used or attempted to use deadly force at the time appellant used the bat, or that they were attempting to commit kidnapping, murder, sexual assault, or robbery. Thus, no evidence shows a justification for the use of deadly force under Tex.Penal Code Ann. § 9.32 (Vernon Supp.1988). One must actually believe he is in danger of death or of serious bodily injury to rely on self-defense. *Berry v. State,* 504 S.W.2d 501, 503 (Tex.Crim.App.1974). Appellant testified that he never felt physically threatened by the victim. Thus, he was not entitled to a charge on self-defense under Tex.Penal Code Ann. § 9.31 (Vernon 1974). *See Ortiz v. State,* 490 S.W.2d 594, 596 (Tex.Crim.App.1973); *Ogas v. State,* 655 S.W.2d 322, 324 (Tex.App.—Amarillo 1983, no pet.); *Bray v. State,* 634 S.W.2d 370, 372–73 (Tex.App.—Dallas 1982, no pet.). We overrule point three.

■ By point two, appellant complains of the trial court's refusal to apply the law to the facts in its charge on provoking the difficulty. We have found the abstract charge in paragraph 5. A charge on provoking the difficulty is a limitation on the right of self-defense. *Stanley v. State,* 625 S.W.2d 320, 321 (Tex.Crim.App.1981). A jury instruction on provoking the difficulty is properly given only when self-defense is an issue. *Matthews v. State,* 708 S.W.2d 835, 837 (Tex.Crim.App.1986). If the facts do not raise the issue, a charge on provoking the difficulty is an unwarranted limitation on the right of self-defense. *Matthews,* 708 S.W.2d at 837; *Stanley,* 625 S.W.2d at 321. Since appellant was not entitled to a charge on self-defense, he was also not entitled to a charge on provoking the difficulty. Moreover, any omissions on provoking the difficulty would benefit appellant, and no harm is shown. We overrule point two.

■ By point five, appellant claims error in the trial court's refusal to charge on apparent danger. The discussion cites appellant's testimony that he did not know what appellant's husband had in his truck, what he would do, or whether he was "going for anything" (i.e. a weapon) in his truck. He had just testified that the husband had gotten into the truck when he hit it with the bat, and that he hit the truck just to get them to leave. No evidence indicates that the victim or her husband, once inside the truck, made any motions or gestures indicative of procuring a weapon.

Apparent danger is a facet of self-defense. *Brooks v. State,* 548 S.W.2d 680, 684 (Tex.Crim.App.1977). Since appellant was not entitled to an instruction on self-defense, he was not entitled to have this specific type submitted. Appellant did not indicate any fear of immediate danger, or any grounds for such a fear, but only speculated on the victim's husband's intentions. One must actually believe he is in danger of death or serious bodily injury to rely on self-defense. *Berry,* 504 S.W.2d at 503. Appellant specifically testified that he never felt physically threatened by the victim. We overrule point five.

By point four, appellant claims the trial court erred in refusing to charge on defense of property on the aggravated assault charge. It is uncontested that appellant told the couple to leave and tried to

push their truck off the property before obtaining the bat and hitting the truck.

 Tex.Penal Code Ann. § 9.42 (Vernon 1974) states the requirements of the justification for use of deadly force to protect property. Included is the requirement that an actor only use it when and to the degree he reasonably believes is immediately necessary to prevent listed crimes or flight after their commission. The listed crimes include burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime. *Phoenix v. State*, 640 S.W.2d 306, 307 (Tex. Crim.App.1982); Tex.Penal Code Ann. § 9.42(2) (Vernon 1974).

The evidence shows that the victim and her husband pulled into a service station around 5 or 6 in the afternoon on a Sunday. The station was open; appellant was working on a car, customers were waiting for it, and appellant's son asked if the couple wanted to buy gas. No evidence suggests that any of the listed crimes had been or would be imminently committed. We do not reach the question of whether appellant reasonably believed the station could have been protected by any other means or by less force. *See Phoenix*, 640 S.W.2d at 307; Tex.Penal Code Ann. § 9.42(3) (Vernon 1974). We overrule point four.

We AFFIRM the trial court's judgment.