IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-028-CR





DENNIS M. CRANFILL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 





FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT, 


NO. CR90-0532-B, HONORABLE ROYAL HART, JUDGE



 




PER CURIAM

 Appellant was convicted by a jury of aggravated assault with a deadly weapon,
enhanced by a previous felony conviction, and sentenced to fourteen years imprisonment. Tex.
Pen. Code Ann. § 22.02 (1989 & Supp. 1991). In a single point of error, appellant contends that
the evidence is insufficient to prove that the baseball bat used by him was a deadly weapon. We
will affirm.

 The Penal Code defines a deadly weapon as "(A) a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B)
anything that in the manner of its use or intended use is capable of causing death or serious bodily
injury." Tex. Pen. Code Ann. § 1.07(a)(11) (1974). Appellant's conviction, therefore, must be
overturned unless there is sufficient evidence in the record that the manner of appellant's use or
intended use of the baseball bat was capable of causing death or serious bodily injury.

 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Cr. App. 1981).

 The State can prove a weapon to be deadly by showing the manner of its capacity
to produce death or serious bodily injury. Warren v. State, 764 S.W.2d 906, 908 (Tex. App.
1989, pet. ref'd). The victim's doctor testified that a blow to the head similar to that inflicted by
appellant was capable of causing a substantial risk of death. The fact that the actual blow did not
place the victim in substantial risk of death is relevant only to the fortunate victim. The Penal
Code's definition of deadly weapon only requires that the blow was capable of causing such harm. 
Appellant's point of error is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 30, 1991

[Do Not Publish]