NUMBER 13-03-292-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ALFREDO MELO,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 103rd District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Rodriguez

         Appellant, Alfredo Melo, was tried before a jury and convicted on two counts
of aggravated robbery. The jury sentenced appellant to five years imprisonment for
each count to be served concurrently. The trial court has certified that this criminal
case “is not a plea-bargain case, and the defendant herein has the right of appeal.” 
See Tex. R. App. P. 25.2(a)(2). By two issues, appellant contends that the evidence
is legally and factually insufficient to support a finding that he participated in the
offenses for which he was convicted, either as a principal or as a party. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. AGGRAVATED ROBBERY
         Appellant challenges the legal and factual sufficiency of the evidence to support
the jury’s finding that he assaulted and robbed the two victims in this case, either as
a principal or as a party.
A. Standard of Review
1. Legal Sufficiency
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury “as the sole judge of the
weight and credibility of the evidence” is free to accept or reject any evidence “even
if that evidence was uncontradicted.” Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App.
1981)). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). 
2. Factual Sufficiency
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd) (discussing
application of “hypothetically correct jury charge” analytical construct in context of
factual sufficiency review in case tried to jury). In reviewing the factual sufficiency
of the elements of the offense on which the State carries the burden of proof, we
impartially examine all of the evidence and set aside the verdict only if “proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). In our factual
sufficiency review, we are again required to accord due deference to the jury's
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d
at 7; Mosley, 983 S.W.2d at 254.B. Applicable Law
         A person commits robbery if, in the course of committing a theft, he
intentionally or knowingly places another in imminent fear of bodily injury or death. 
See Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits aggravated
robbery if he commits a robbery and uses or exhibits a deadly weapon. See id. §
29.03(a)(2). A deadly weapon is anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury. See id. § 1.07(a)(17)(B)
(Vernon Supp. 2004). 
         Under the law of parties, a person is criminally responsible for the offense
committed by another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense. See id. § 7.02(a)(2) (Vernon 2003). Although the mere presence
at the scene of a crime is not alone sufficient to prove that a person is a party to the
offense, it is a circumstance that, when combined with other facts, may suffice to
show that the accused was a participant. Beardsley v. State, 738 S.W.2d 681, 685
(Tex. Crim. App. 1987); Barnes v. State, 62 S.W.3d 288, 297 (Tex. App.–Austin
2001, pet ref’d). The law of parties can apply to the offense of aggravated robbery. 
See Johnson v. State, 32 S.W.3d 388, 392-94 (Tex. App.–Houston [14th Dist.]
2000, no pet.). 
C. Analysis
         At trial, both victims testified that five people approached them from an alley
and proceeded to attack and rob them; one attacker used a baseball bat. The evidence
shows two assailants attacked one victim while three other assailants assaulted the
other victim. One of the victims testified that he was struck in the face by the bat and
feared he would be killed. Appellant was not identified by any witnesses. However,
in his statement to the police, appellant admitted to being in the alley with four friends. 
In his statement, appellant claimed he stayed behind when some of his friends ran out
of the alley to attack the two victims, but ran to the scene of the crime once the
attack began. Although appellant admitted to being at the scene, he denied
participating in either the assault or the robbery. 
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury could have found the elements of
aggravated robbery beyond a reasonable doubt. See Tex. Pen. Code Ann. §
29.02(a)(2); see also Warren v. State, 764 S.W.2d 906, 908 (Tex. App.–Corpus
Christi 1989, pet ref’d) (finding sufficient evidence that a baseball bat was used in a
manner to qualify as a deadly weapon). Moreover, deferring to the fact finder’s
resolution of conflicts in the testimony, see Matchett, 941 S.W.2d at 936, the jury
could have found, under the law of parties, that appellant was criminally responsible
for his friends’ actions. See Tex. Pen. Code §7.02(a)(2). Therefore, the evidence is
legally sufficient to sustain the conviction for aggravated robbery. Appellant’s first
issue is overruled.
         Furthermore, based on the evidence presented above, we conclude that the
proof of guilt is not so obviously weak as to undermine confidence in the jury’s
determination. See Swearingen, 101 S.W.3d at 97. While appellant was not
positively identified by any witnesses as one of the five attackers, “circumstantial
evidence may be sufficient to show that one is a party to an offense.” See Perez v.
State, 41 S.W.3d 712, 717 (Tex. App.–Corpus Christi 2001, no pet.) (citing Beardsley
v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987)). Appellant admitted he was
with four friends in the alley and that his friends participated in the attack and robbery. 
Both victims testified that they were assaulted and robbed by five assailants. While
appellant denies participating in the crime, no corroborating evidence exists that would
greatly outweigh the jury’s verdict. See Swearingen, 101 S.W.3d at 97. The
evidence is therefore factually sufficient to uphold the jury’s verdict. Appellant’s
second issue is overruled.
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.
 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed this
24th day of June, 2004.