Frank REECE aka Frank
Reed, Appellant,

v.

STATE of Texas, Appellee.

No. C14–84–392CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 27, 1984.

Tom Roberson, Houston, for appellant.

James M. Crane, Conroe, for appellee.

Before JUNELL, PAUL PRESSLER and MURPHY, JJ.

## OPINION

JUNELL, Justice.

A jury found appellant guilty of murder. Punishment was assessed by the court at 25 years confinement in the Texas Department of Corrections. Appellant in two grounds of error claims that the trial court should have charged the jury on the law of self defense and granted him a new trial because of improper jury argument by the prosecutor.

Appellant's claim of self defense is based primarily upon his own trial testimony, which for our purposes we take as true. Appellant and the deceased, Peter Chaney, had been acquaintances for about 10 months prior to the incident. Bad blood existed between them. Chaney had called appellant names. They had engaged in elbowing and pushing. On the evening of July 29, 1982, appellant arrived at a game room on Guadalupe Street in Houston. The game room was across the street from a lounge. Three times Chaney encountered appellant, called him names and accused him of "messing with" his girlfriend. Each time appellant walked away. As appellant tried to walk away the last time Chaney struck him on the back of his head, knocking him to the ground. As appellant attempted to get up, Chaney kicked him in the side. Chaney then announced that he was going to get his .357 Magnum and "waste him." Appellant got up, reached into the passenger side of the car in which he had arrived and retrieved a shotgun. As the deceased walked across the street toward the lounge, appellant yelled, "Hold it." Chaney turned around and started walking back toward appellant. Appellant took two steps back and asked Chaney twice not to walk up any further. The deceased caught hold of the gun barrel and a shot went off.

■ Again, accepting appellant's version as true and ignoring other witnesses' contrary testimony, we hold that he was not entitled to a self defense instruction because he presented no evidence that his actions were *immediately* necessary to protect himself. *Cerda v. State*, 557 S.W.2d 954 (Tex.Crim.App.1977); *Smith v. State*, 638 S.W.2d 208, 210 (Tex.App.—Fort Worth 1982, no pet.), Tex.Penal Code Ann. §§ 9.31–9.32 (Vernon 1974 & Supp.1984). Chaney was not armed nor did appellant believe he was. Chaney had only threatened to get a gun. From appellant's own testimony, he had an opportunity to retreat as the deceased walked back across the street. Appellant testified that he could not retreat because he was hurting from his beating, but he admitted that after the shooting he did run away.

■ Even if the facts raised the issue of self defense, no error was preserved. The defense attorney's only objection to the charge was oral: "I would like to have the charge of self defense, standard form." By failing to specify which self defense instruction he desired, appellant failed to properly preserve error. *Cuddy v. State*,

—— S.W.2d —— No. 0989–83 (Tex.Crim. App. June 13, 1984 (not yet reported); reh'g granted Oct. 3, 1984). Tex.Code Crim.Proc.Ann. art. 36.14 (Vernon Supp. 1984). Appellant's first ground of error is overruled.

■ Appellant's second ground of error is also overruled for failure to preserve error. During jury argument the prosecutor mentioned that a witness had been subpoenaed but could not be located. His comments insinuated that appellant and his father harassed the witness and frightened him into running away. Defense counsel interrupted with, "He never testified to that, Judge." The court responded, "Stay in the record. You heard the evidence in the case." Appellant failed to obtain an adverse ruling, so nothing is presented for review. *Graham v. State,* 566 S.W.2d 941, 954 (Tex.Crim.App.1978) (en banc).

The conviction is affirmed.