NO.
12-06-00003-CR

NO. 12-06-00004-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WILLIAM CHARLES DENTON,   §          APPEALS FROM THE
173RD

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          HENDERSON COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Appellant
William Charles Denton was convicted by a jury of two counts of aggravated
robbery and two counts of aggravated assault. 
Appellant raises sixteen issues on appeal.  We affirm.

 

Background

            Appellant lived with his mother at
her residence in Gun Barrel City, Texas. 
The residence consisted of a mobile home with an attached shed in the
backyard.  Appellant lived in this shed,
which was furnished and served as his bedroom. 
On March 15, 2005, Heather Foster and Nicholas Moore (“Moore”) went to
Appellant’s shed to collect a debt owed to Moore from a previous sale of
methamphetamine.  While they were inside
the shed, Foster and Moore were assaulted and robbed by Appellant and two other
men.  

            Appellant was charged with two
counts of aggravated assault and two counts of aggravated robbery.  The jury found Appellant guilty on all counts
and sentenced him to twenty years of 
imprisonment for each aggravated assault conviction and twenty-five
years of imprisonment for each aggravated robbery conviction.  This appeal followed.

 








Admission of Lay Opinion Testimony

            In his second, third, and fourth
issues, Appellant claims that the trial court abused its discretion by
admitting the lay opinion testimony of Foster, Moore, and Israel Wainionpa, one
of the robbers.  Specifically, Appellant
argues that the State failed to lay the proper predicate for admission of the
testimony as required by Rule 701 of the Texas Rules of Evidence.  

            In his second issue, Appellant
complains that the trial court erroneously admitted lay opinion testimony from
Foster during a hearing, conducted outside the presence of the jury, on the
admissibility of certain evidence.  In
making preliminary determinations about the admissibility of evidence, the
trial court is not bound by the rules of evidence other than those related to
privilege. Tex. R. Evid.
104(a).  Therefore, the trial court was
entitled to admit Foster’s lay opinion testimony at the preliminary hearing
without the Rule 701 predicate being met. 
See id.   

            In his third and fourth issues,
Appellant complains that the trial court erroneously admitted lay opinion
testimony from Moore and Israel during the trial.  Generally, in order for an appellant to argue
on appeal that a trial court erred in allowing testimony, he must have
preserved the error at trial by making a proper objection and securing a ruling
on the objection.  See Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); see also Tex. R. App. P. 33.1 (describing the
necessary steps to preserve error in Texas courts).  An objection is “proper” where counsel
specifically states the basis for the objection or the particular ground is
apparent from the context. Ethington, 819 S.W.2d at 858.  Where a trial court refuses to rule on an
objection, an objection to the refusal is sufficient to preserve error. Id.

            At trial, Appellant’s only
objections were that the testimony of Moore and Israel was speculation.[1]  Considering the overall context in which
Appellant made his speculation objections, we conclude that the objections were
not sufficiently specific to make the trial court aware of his complaint that
the proper predicate had not been met for admission of the testimony.  Therefore, Appellant failed to preserve
error, if any.  See id. 

            We overrule Appellant’s second,
third, and fourth issues.

                        

 

Admission of Hearsay Statements

            In his fourteenth issue, Appellant
argues that the trial court abused its discretion by admitting hearsay
statements of Israel and Michael Wainionpa. 

            Rule 38.1(h) of the Texas Rules of
Appellate Procedure provides that an appellate brief shall contain, among other
things, “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”  When an appellant does not adequately comply
with Rule 38.1(h), nothing is presented for appellate review.  See State v. Gonzalez, 855
S.W.2d 692, 697 (Tex. Crim. App. 1993); Nguyen v. State, 177
S.W.3d 659, 669 (Tex. App.–Houston [1st Dist.] 2005, pet. ref’d). 

            In addressing the issue before us,
Appellant does not provide specific citations to the record indicating what
particular testimony he complains of. 
His argument consists of only conclusory statements without any
explanation of why this testimony was erroneously admitted or citation to
authority.  Because Appellant has failed
to provide us with an adequate substantive analysis of this issue, he has
presented nothing for our review.  See
id. 

            We overrule Appellant’s fourteenth
issue.

 

Refusals to Grant a Mistrial

            In his fifth through thirteenth
issues, Appellant contends that the trial court abused its discretion by
denying various requests for a mistrial based on “inadmissible and harmful
hearsay testimony.”  

Standard
of Review

            Whether the trial court erred in
denying a motion for mistrial is reviewed under an abuse of discretion
standard.  Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999). 
A trial court does not abuse its discretion when its decision is within
the zone of reasonable disagreement. Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  Absent an abuse of discretion, we do not
reverse a trial court’s denial of a mistrial.  Ladd, 3 S.W.3d at 567.

            The granting of a mistrial is an
extreme remedy for curing prejudice occurring during a trial. Bauder v.
State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).  A mistrial is required only when the improper
evidence or testimony is “clearly calculated to inflame the minds of the jury
and is of such a character as to suggest the impossibility of withdrawing the
impression produced on the minds of the jury.” 
Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App.
1999).  A trial court should only grant a
mistrial when it is apparent that an objectionable event at trial is so
emotionally inflammatory that curative instructions are not likely to prevent
the jury from being unfairly prejudiced against the defendant.  Bauder, 921 S.W.2d at 698. 

            A reviewing court looks to the facts
of each case to determine whether a curative instruction is sufficient to cure
prejudice from an improper question or answer. 
Hernandez v. State, 805 S.W.2d 409, 414 (Tex. Crim. App.
1990).  Ordinarily, a prompt instruction
to disregard will cure any prejudicial effect associated with an improper
question and answer.  Ovalle v.
State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).  A reviewing court should presume the jury
followed the trial court’s instructions to disregard improper testimony.  Colburn v. State, 966 S.W.2d
511, 520 (Tex. Crim. App. 1998).  

Discussion

            Appellant identifies nine instances
in which the trial court sustained Appellant’s hearsay objection to certain
testimony and instructed the jury to disregard the testimony, but denied his
motion for mistrial.  Six of those
instances occurred during Foster’s testimony (issues five through ten).  Two others occurred during Moore’s testimony
(issues eleven and twelve), and one during Sergeant Jerry Moore’s testimony
(issue thirteen).  

            Issues Five Through Ten.  During Foster’s testimony, the prosecutor
asked her how she and Moore came  to meet
one another on the night of the robbery. 
Foster replied that she called Moore and that he agreed to “hang out and
maybe drink a beer” with her.  Although
this was hearsay testimony, it merely provided background information about
events that occurred before the assault and robbery of the victims.  This testimony was not prejudicial because it
did not relate to Appellant’s guilt or innocence.  Therefore, any error resulting from the jury’s
hearing Foster’s answer was harmless and an instruction to disregard was
adequate.   See Ovalle, 13
S.W.3d at 783.

            Foster also testified about a
conversation she heard during the robbery regarding the possibility that Moore
might be wearing a concealed microphone. 
She stated that she did not know who was involved in the conversation and
that she did not understand what the unidentified declarants were talking
about.  By the time this testimony was
elicited, other testimony about the substance of the conversation had been
admitted into evidence without objection. 
Any error that resulted from the jury’s hearing the testimony was
harmless.  See Anderson v. State,
717 S.W.2d 622, 627 (Tex. Crim. App. 1986). 

            Foster further testified that she
was strip searched during the robbery, and the prosecutor asked whether
Appellant made any additional demands of her after the search.  Foster responded that she was asked to put
her belongings on the floor.  The
prosecutor then asked if Appellant made that request, and Foster stated that
she could not recall who made the request. 
Foster’s testimony that she could not recall the identity of the
declarant was beneficial to Appellant because it undermined her previous
testimony that Appellant was the declarant. 
Consequently, any error that resulted from the jury’s hearing the
testimony was harmless.  See id.

            At another point in her testimony,
the prosecutor asked Foster if she knew how much money Moore had on his person
when he was robbed.  Foster responded
that Moore told her afterward that he had approximately $400.  Moore later testified that he was robbed of
approximately $400.  Any error that
resulted from the jury’s hearing Foster’s testimony was harmless.  See id.

            In response to further questioning
by the prosecutor, Foster testified that she removed her watch and placed it on
the floor because she had been ordered to take off anything of value.  Appellant did not object to this
testimony.  The prosecutor asked who gave
the order, and Foster responded that she did not recall.  Appellant then made a hearsay objection.  Testimony was already in the record that the
victims were requested to hand over their belongings.  Any error that resulted from the jury’s
hearing Foster’s testimony was harmless. 
See id.

            Issues Eleven and Twelve.  Moore testified that he was ordered at one
point or another by “pretty much” all three of the robbers to remove and
relinquish his possessions.  As to
Appellant, a statement of this type was an admission by a party opponent and
not hearsay.  See Tex. R. Evid. 801(e)(2)(A).  Any such statements made by the other two
robbers were statements made by a co-conspirator in the course and in
furtherance of the conspiracy.  See Tex. R. Evid. 801(e)(2)(E).  Appellant argues that Moore’s failure to
identify the actual declarants by name renders his testimony inadmissible
hearsay.  We disagree.  When a hearsay objection is made and there is
evidence that an unidentified declarant is a member of a class whose statements
would have fallen within a hearsay exception, the failure of a witness to
specifically identify that declarant by name affects only the weight and
credibility of the testimony and not its admissibility.  See Wal-Mart Stores, Inc. v. Berry,
833 S.W.2d 587, 593 (Tex. App.–Texarkana 1992, writ denied).  Therefore, Appellant’s hearsay objection to
this testimony was not valid.  See id.  A mistrial is not warranted where the conduct
complained of is not actually objectionable conduct.  See Bauder, 921 S.W.2d at 698. 

            Issue Thirteen.  Sergeant Jerry Moore of the Gun Barrel City
Police Department was the lead investigator in the case.  The prosecutor asked whether Sergeant Moore’s
acquisition of a written statement from Israel changed the course of his
investigation.  Sergeant Moore responded
that it did not.  In addressing this
issue, Appellant’s argument consists of only conclusory statements without any
explanation of why this testimony required a mistrial and without any citation
to authority.  Therefore, Appellant has
presented nothing for our review.  See
Gonzalez, 855 S.W.2d at 697.

            Conclusion.  The statements that were properly presented
by Appellant for our review can be divided into two categories: (1) statements
that were hearsay but were also harmless and (2) statements that either were
not hearsay or fall within an exception to the hearsay rule.  Therefore, the trial court did not abuse its
discretion in denying Appellant’s motions for mistrial.  See Bauder, 921 S.W.2d at
698.  Appellant also claims that these
nine issues, when viewed together, show a pattern of questions and answers
that, by neglect or attempt, unduly and improperly influenced the jury.  From our review of the record, we conclude
that no such pattern exists.  We overrule
Appellant’s fifth through thirteenth issues.

 

Admission of Four Handguns

            In his fifteenth issue, Appellant
claims that the trial court abused its discretion by admitting two handguns and
by failing to instruct the jury regarding two other handguns that were admitted
and subsequently stricken.  

Standard
of Review

            Whether a trial court erred in
admitting evidence is reviewed under an abuse of discretion standard.  Osbourne v. State, 92 S.W.3d
531, 537 (Tex. Crim. App. 2002).  Absent
an abuse of discretion, we do not reverse a trial court’s decision to admit
evidence.  Id.  If evidence exists supporting the trial court’s
decision to admit evidence, there is no abuse of discretion.  Id. at 538.  Further, we should not reverse a conviction
for the erroneous admission of evidence if after examining the record as a
whole, we have fair assurance that the error did not influence the jury, or had
but a slight effect.  Cobb v. State,
85 S.W.3d 258, 272 (Tex. Crim. App. 2002); see also Tex. R. App. P. 44.2 (defining
reversible error in criminal appeals).  

Discussion

            The four handguns in question,
marked as State’s Exhibits 22, 23, 24, and 25, were seized pursuant to a search
warrant.  These four handguns were
admitted into evidence over Appellant’s objections of relevance and unfair
prejudice.  

            Following the admission of the four
handguns, Sergeant Jerry Moore testified that Exhibit 23 had actually been
seized from the mobile home situated near Appellant’s shed.  In response to this testimony, the trial
court struck Exhibit 23.  A hearing was
held outside the presence of the jury regarding the remaining three handguns,
at which Sergeant Moore testified that Exhibit 22 had also been seized from the
mobile home.  After the hearing, the
trial court struck Exhibit 22 in front of the jury.

            Appellant claims that the trial
court erred in failing to give any instructions to the jury once the two
exhibits had been stricken from the evidence. 
The record, however, shows that the trial court did, in fact, instruct
the jury to disregard each exhibit after striking it.  The omissions Appellant complains of did not
occur.

            Appellant also argues that Exhibits
24 and 25, found in Appellant’s shed, should have been excluded because they
were not relevant and were unfairly prejudicial.  Relevant evidence means evidence having any
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid. 401.  Foster, Nicholas Moore, and Israel all had
differing descriptions of the handguns used by the robbers.  There was testimony that a semi-automatic
handgun was used by at least one robber (Exhibit 24 is a semi-automatic
handgun).  Likewise, there was testimony
that a revolver was used by at least one robber (Exhibit 25 is a
revolver).  Sergeant Jerry Moore
testified that he had been unable to determine whether or not these two
handguns were used in the robbery.  While
these two handguns may not have actually been used in the robbery, they tend to
make it more probable that Appellant was able to arm himself, Israel, and
Michael on the night in question. 
Therefore, these two handguns were relevant to the jury’s determination
of Appellant’s guilt.  See Tex. R. Evid. 401.

            Although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.  Tex. R. Evid. 403.  By the time these handguns were admitted,
Sergeant Jerry Moore had testified, without objection, about his seizing the
handguns from Appellant’s shed.  Three
witnesses had testified that Appellant was armed during the robbery.  Nicholas Moore had testified that he had
previously seen eight guns in Appellant’s shed and that all three of the
handguns used during the robbery were Appellant’s.  Appellant himself testified that he kept
several guns in his shed and admitted to arming himself, Israel, and Michael
with handguns he owned.  In light of the
record, we conclude that the admission of Exhibits 24 and 25 either did not
influence the jury or had but a slight effect. 
See Cobb, 85 S.W.3d at 272; see also Tex. R. App. P. 44.2.  Therefore, error, if any, in admitting
Exhibits 24 and 25 was harmless.  See id.

            We overrule Appellant’s fifteenth
issue.

 

Factual Sufficiency of Appellant’s Convictions

            In his first issue, Appellant
challenges the factual sufficiency of the evidence supporting his conviction.

Standard
of Review

            In conducting a factual sufficiency
review of the evidence supporting the jury’s verdict, we must first assume that
the evidence is legally sufficient under the Jackson
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Ultimately, we must
ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).

            Although we are authorized to
disagree with the jury’s determination, even if probative evidence exists that
supports the verdict, see Clewis, 922 S.W.2d at 133, our
evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  It is not enough that we might
harbor a subjective level of reasonable doubt to overturn a conviction that is
founded on legally sufficient evidence.  See
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Where there is conflicting evidence, the jury’s
verdict on such matters is generally regarded as conclusive.  See Van Zandt v. State, 932
S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  We cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury’s
resolution of the conflict.  See Watson,
204 S.W.3d at 417.

Discussion








            On Appellant’s two counts of
aggravated assault, as charged in the indictments, the State had the burden to
prove, beyond a reasonable doubt, that Appellant intentionally or knowingly
threatened another with imminent bodily injury by exhibiting or using a
firearm, a deadly weapon.  See Tex. Penal Code Ann. § 22.02 (Vernon
2003).  As to the two counts of
aggravated robbery, as charged in the indictments, the State had the burden to
prove, beyond a reasonable doubt, that Appellant, while in the course of
committing theft,[2] intentionally or knowingly threatened or placed
another in fear of imminent bodily injury or death by exhibiting or using a
firearm, a deadly weapon.  See id. §
29.03. 

            The evidence shows that, on March
18, 2005, Foster and Nicholas Moore were present in Appellant’s shed.  Appellant, Israel, and Michael had handguns
and Foster and Moore were unarmed. 
Michael stood near the door, blocking the shed’s only exit.  Foster and Moore were told to be quiet and
were strip searched.  They were ordered
to turn over their belongings.  Foster
acquiesced but Moore refused.  Appellant
fired a shot into a wall and Moore refused a second time.  Michael shot Moore, and Moore complied.  Foster and Moore were allowed to leave.  Appellant escorted Moore out and warned him
not to return.  Appellant then ran from
his residence, in the dark, to catch up to the other robbers.  Michael disposed of the handgun Appellant had
given him, and the three ran away in different directions.  Foster’s and Moore’s possessions were never
returned to them.

            Appellant supplied all of the guns
used in the robbery.  The robbery took
place in the shed where Appellant lived. 
During the robbery, Appellant told Foster and Moore to be quiet and also
told them to strip.  Israel testified
that Appellant was a participant in the robbery, and Foster and Moore both
testified that they believed they had been robbed by all three men. 

            Appellant testified that he was not
a participant in the assault or robbery of Foster and Moore.  He testified that he had armed himself out of
fear and that he had fired a shot into the wall out of fear for his safety and
that of Moore.  He denied any intent to
assault or rob the victims.  

            The jury could have chosen to
believe Appellant’s version of the events. 
See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1997).  Likewise, the jury was entitled
to disregard Appellant’s self-serving testimony in favor of the testimony of
Foster, Moore, and Israel.  See id.  Also, the jury could have reasonably
inferred from the evidence that Appellant had the requisite intent to commit
the charged offenses.  See Ortiz v.
State, 930 S.W.2d 849, 852-53 (Tex. App.–Tyler 1996, no pet.).  After a neutral review of all the evidence,
both for and against the findings, we conclude that the proof of Appellant’s
guilt is not so obviously weak as to undermine our confidence in the jury’s
determination nor is it greatly outweighed by contrary proof.  See Johnson, 23 S.W.3d at 11.

            We overrule Appellant’s first issue.

 

Refusal to Instruct the Jury on the Law of
Self Defense

            In his sixteenth issue, Appellant
argues that the trial court erred by denying Appellant’s request that the jury
be instructed on the law of self defense. 


Standard
of Review

            “A defendant is entitled to an
instruction on self-defense if the issue is raised by the evidence, whether
that evidence is strong or weak, unimpeached or contradicted, and regardless of
what the trial court may think about the credibility of the defense.”  Ferrel v. State, 55 S.W.3d 586,
591 (Tex. Crim. App. 2001).  On the other
hand, if the evidence, viewed in the light most favorable to the defendant,
does not establish self defense, the defendant is not entitled to an
instruction on the issue. Id. 
Before we review the evidence, however, we must determine whether or not
Appellant has preserved this issue for review. 
See Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim. App.
1998).

            In criminal jury trials, the trial
court must deliver “a written charge distinctly setting forth the law
applicable to the case.”  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2006).  A defendant must be given
an opportunity to examine the charge and object to any errors of commission or
omission.  See id.  Generally, a defendant must object to the
trial court’s charge or submit special requested instructions in order to
preserve error on appeal.  See id.;
Tex. Code Crim. Proc. Ann. art.
36.15 (Vernon 2006).  Objections must
distinctly specify each ground upon which they are predicated.  Id. art. 36.14.  Objections and special requested instructions
must be in writing or dictated to the court reporter.  Id.; Tex. Code Crim. Proc. Ann. art. 36.15. 

            Where an appellant has properly
preserved an issue for review, we must ascertain if error actually
occurred.  See Posey, 966
S.W.2d at 60.  If error occurred and was
properly preserved, reversal is required if the error was calculated to injure
the rights of the defendant.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  In other words, an error that has been
properly preserved will require reversal only if the error is not
harmless.  Id.  We evaluate the issue of harm “in light of
the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.”  Id.

            Article 36.19 of the Texas Code of
Criminal Procedure governs the appeal of charge errors. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006).  Article 36.19 reads as follows:

 

Whenever it appears by the record in any criminal
action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17
and 36.18 has been disregarded, the judgment shall not be reversed unless ...
it appears from the record that the defendant has not had a fair and impartial
trial. ....

 

A trial court’s
disregard of a statutory provision referenced in article 36.19 is an omission
that does not require a timely objection or request.  Huizar v. State, 12 S.W.3d 479,
483 (Tex. Crim. App. 2000).  Should such
an error occur, we reverse only if the error is so egregious and created such a
harm that the defendant has not had a fair and impartial trial.  See Posey, 966 S.W.2d at 61
n.9; Almanza, 686 S.W.2d at 171. 
Once again, we evaluate the issue of harm “in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.”  Almanza, 686 S.W.2d at 171.

Discussion      

            At the charge conference, Appellant
requested a “self-defense instruction” and an instruction regarding an
individual’s right to arm himself while in his residence.  Appellant did not specify whether the self
defense instruction sought referred to self defense under section 9.31, 9.32,
or 9.33 of the Texas Penal Code.  Tex. Penal Code Ann. § 9.31 (Vernon
2003) (the use of force to protect oneself); id. § 9.32 (the use
of deadly force to protect oneself); id. § 9.33 (the use of force
or deadly force to protect another). 
Likewise, when asked by the trial court if he had any submissions,
counsel for Appellant stated that “we would want the instructions that would
normally be considered in those matters. 
I don’t have any submissions, Your Honor.”  Because Appellant did not submit his
requested self defense instruction in writing or dictate it into the record, he
failed to preserve error, if any.  See Tex.
Code Crim. Proc. Ann. art. 36.15. 


            Even if we consider Appellant’s
request as an objection to the charge, the result does not change.  An objection merely seeking “instructions
that would normally be considered” does not preserve error because it does not
adequately specify the particular instruction desired.  See Reece v. State, 683 S.W.2d
873, 874-75 (Tex. App.–Houston [14th Dist.] 1984, no pet.) (holding that “I
would like to have the charge of self defense, standard form” was not specific
enough to preserve error); see also Hutcheson v. State, 899
S.W.2d 39, 41-42 (Tex. App.–Amarillo 1995, pet. ref’d) (holding that merely
asking for “a charge on self-defense,” without more, did not preserve error).

            Because Appellant has failed to
preserve error, if any, the only remaining question is whether the trial court
disregarded a statutory provision referenced in article 36.19 by failing to
include a self defense instruction in the charge.  See Huizar, 12 S.W.3d at
483.  The trial court was required to
deliver a charge setting forth the “law applicable to the case” pursuant to
article 36.14.  Article 36.14 is one of
the statutory provisions referenced in article 36.19.  As such, were a self defense instruction part
of the “law applicable to the case,” its omission would be reviewable pursuant
to article 36.19. See Huizar, 12 S.W.3d at 483.  

            However, a defensive issue is not “law
applicable to the case” absent a timely and adequate request for its inclusion,
or objection to its omission, by the defendant. 
See Posey, 966 S.W.2d at 62.  Here, Appellant did not adequately inform the
trial court of the specific instruction sought. 
Thus self defense, a defensive issue, did not become “law applicable to
the case.”  See id.  Accordingly, the article 36.19
exception to the general rule for error preservation does not apply.  See id. 
Therefore, we have nothing to review.

            We overrule Appellant’s
sixteenth issue.

 

Disposition

We
affirm the trial court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] This objection was overruled and has not been raised on appeal.





[2] “Theft” is defined by Chapter 31 of the Texas Penal Code.