In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00001-CV


______________________________



 


IN RE: ESTATE OF MIKE MILLER, DECEASED





 


On Appeal from the County Court at Law


Rusk County, Texas


Trial Court No. 08-004-P




 




Before Morriss, C.J., Carter and Cornelius,* JJ.


Memorandum Opinion by Justice Carter



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION



 Appellant, James Miller, has filed with this Court a motion to dismiss the pending appeal in
this matter. He represents to this Court that the parties have reached a full and final settlement. In
such a case, no real controversy exists, and in the absence of a controversy, the appeal is moot.

 We grant the motion and dismiss this appeal.



 Jack Carter

 Justice


Date Submitted: June 9, 2009

Date Decided: June 10, 2009



 writing or by dictation into the record. 

 In order to preserve error relating to the jury charge, there must either be an objection or a
requested charge. Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996); Flores v. State,
42 S.W.3d 277, 280 (Tex. App.-Corpus Christi 2001, no pet. h.); Mendenhall v. State, 15 S.W.3d
560, 566 (Tex. App.-Waco 2000, pet. granted); Arana v. State, 1 S.W.3d 824, 826 (Tex.
App.-Houston [14th Dist.] 1999, pet. ref'd). The Texas Court of Criminal Appeals has interpreted
Articles 36.14 and 36.15 as dealing with those two distinct situations: an objection to the charge and
a requested special instruction, respectively. Vasquez, 919 S.W.2d at 435; Frank v. State, 688
S.W.2d 863 (Tex. Crim. App. 1985); see Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15 (Vernon
Supp. 2002). Article 36.14 requires the defendant to object and obtain an adverse ruling to preserve
a claim of error. Under Article 36.15, if the defendant requests a special instruction, no objection
is required to preserve error. McKinney v. State, 12 S.W.3d 580, 582 (Tex. App.-Texarkana 2000,
pet. ref'd); Powers v. State, 985 S.W.2d 596, 598 (Tex. App.-Texarkana 1999, 1 pet. ref'd, 1 pet.
dism'd). 

 We conclude the claimed error was preserved for review. This contention differs from the
typical scenario because the evidence was not of an "extraneous crime or bad act," but was instead
the "prior criminal record" of the defendant. The first question, then, is whether the statutory
requirement of proof beyond a reasonable doubt applies.

 The contention is controlled by the language of Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (Vernon Supp. 2002). Section 3(a)(1) provides in relevant part:

 [After a finding of guilt,] evidence may be offered by the state and the defendant as
to any matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he is
being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal
Evidence, any other evidence of an extraneous crime or bad act that is shown beyond
a reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Emphasis added.).

 The language of the statute allows evidence of the prior criminal record of the defendant and
any other evidence of an extraneous crime or bad act shown beyond a reasonable doubt. The
"reasonable doubt" language in the statute is limited to the "any other evidence" portion of the
statute. Thus, Article 37.07, § 3(a)(1) does not require the reasonable doubt language to be applied
to the prior criminal record, and the cases under that statute that require a separate instruction on that
type of evidence do not apply to this situation. (1)

 Caselaw requires that the State has the burden of proof beyond a reasonable doubt as to prior
convictions alleged for enhancement of punishment. Ex parte Augusta, 639 S.W.2d 481 (Tex. Crim.
App. 1982); Williams v. State, 899 S.W.2d 13, 14 (Tex. App.-San Antonio 1995, no pet.). (2) Thus,
an attack against the sufficiency of those convictions is a contention that the evidence was not
sufficient. See Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986) (discussing the types of
evidence that can be considered sufficient to prove the prior convictions). 

 The jury charge contained language requiring the jury to find, beyond a reasonable doubt, that
Sanders was convicted of the two enhancement felonies. That language does not, however, carry
over to the additional convictions offered by the State-and not offered for enhancement purposes. 

 Sanders does not attack the sufficiency of the evidence to show he was finally convicted of
those other crimes. He argues instead that a special jury instruction is required that would set a
burden of proof for the State to meet as to those other convictions, as well as to the enhancement
convictions and the "extraneous offenses and bad acts." As we have already explained, Article
37.07, § 3(a)(1) does not require such an instruction. The more general section, Section 3(b),
requires the court to give any additional necessary instructions and also states that "the order of
procedure and the rules governing the conduct of the trial shall be the same as are applicable on the
issue of guilt or innocence." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(b) (Vernon 1981).

 The general burden of proof set out in Tex. Pen. Code Ann. § 2.01 (Vernon 1994) requires
proof beyond a reasonable doubt in order to convict a defendant. See also Tex. Code Crim. Proc.
Ann. art. 38.03 (Vernon Supp. 2002). 

 The necessary proof of extraneous offenses/bad acts and the proof necessary to show a prior
criminal record are entirely different. Extraneous offenses/bad acts are matters for which the
defendant has never been convicted. The State is therefore required to prove that the defendant
actually committed those acts. Proof of a prior criminal record requires no such level of evidence. 
The State is not required to prove the defendant committed the crime, but is required to adequately
identify him or her as the person who was convicted of the crime at an earlier date. 

 Although historically there has been substantial litigation about the sufficiency of proof, none
of those cases specifies the level of evidence required to prove the prior conviction. In other words,
neither the statute nor the caselaw requires that the identification must be beyond a reasonable doubt. 
Instead, the cases applying that section set out in some detail the type of proof that is sufficient to
prove the prior conviction. Beck, 719 S.W.2d 205; Reese v. State, 905 S.W.2d 631, 635 (Tex.
App.-Texarkana 1995, pet. ref'd, untimely filed); see Elizalde v. State, 507 S.W.2d 749, 752 (Tex.
Crim. App. 1974), overruled on other grounds, Bullard v. State, 533 S.W.2d 812, 816 (Tex. Crim.
App. 1976) (holding State had burden of proving that the two defendants were same person); Alridge
v. State, 732 S.W.2d 395, 398 (Tex. App.-Dallas 1987, pet. ref'd) (fingerprint identification
insufficient evidence to prove identity).

 We have been directed to no cases requiring an instruction to the jury that it can only consider
prior criminal convictions if the State proves them beyond a reasonable doubt. Unlike the
guilt/innocence phase of trial, at the punishment phase, there is no general charge requiring the jury
to determine all matters beyond a reasonable doubt. As described above, based on statutory
authority, there are specific instructions to determine beyond a reasonable doubt whether extraneous
offenses/bad acts were committed and also to determine whether the two prior felonies used by the
State for enhancement were also committed by this particular defendant. The "prior criminal
offenses" not used for enhancements falls through the cracks. 

 We conclude that under the analysis set out above, although the State is required to provide
clear proof that this particular defendant was the individual actually convicted of the prior crimes,
the statute does not require a reasonable doubt instruction. The contention of error is overruled.

 Even if we were incorrect in this conclusion, however, we find no error. A defendant's right
to a jury instruction informing the jury that it may not consider extraneous offenses/bad acts unless
it is convinced beyond a reasonable doubt that the acts and offenses are attributable to the defendant
is not constitutional in statute, but purely procedural. Huizar v. State, 12 S.W.3d 479, 481 (Tex.
Crim. App. 2000). We conclude that any right to this type of instruction would thus be
indistinguishable on any reasonable grounds from the extraneous offense instruction, and likewise
conclude that this is purely charge error and reviewable under Almanza. Almanza v. State, 686
S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g).

 The defendant objected at trial; thus, reversal would be required if this error was calculated
to injure the defendant. Id. at 171; Aguilar v. State, 914 S.W.2d 649, 651 (Tex. App.-Texarkana
1996, no pet.). The presence of any harm, regardless of degree, is sufficient to require reversal. 
Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). However, the defendant has the
burden of proof to persuade this court that he suffered some actual harm as a consequence of the
charging error. Id.; see also Belyeu v. State, 791 S.W.2d 66, 75 (Tex. Crim. App. 1989); LaPoint
v. State, 750 S.W.2d 180, 191 (Tex. Crim. App. 1986) (op. on reh'g); Gornick v. State, 947 S.W.2d
678, 681 (Tex. App.-Texarkana 1997, no pet.).

 Sanders also suggests that the trial court's action in submitting an instruction on one offense,
but not doing so for the others, improperly singles out testimony and leaves the impression that the
other evidence is beyond dispute because it was not contested or controverted, citing Tew v. State,
551 S.W.2d 375 (Tex. Crim. App. 1977). The court's comment in response to the objection makes
it clear the court believed the charge was unnecessary because the convictions were not in question.

 A suggestion in a jury charge that certain evidence is true or untrue is a comment on the
weight of the evidence. Russell v. State, 749 S.W.2d 77, 78 (Tex. Crim. App. 1988); Dean v. State,
995 S.W.2d 846, 849 (Tex. App.-Waco 1999, pet. ref'd). A court's charge in a criminal case may
not assume that any fact has been proved against the defendant, however strong the evidence may
be. See Marlow v. State, 537 S.W.2d 8, 9 (Tex. Crim. App. 1976); Dean, 995 S.W.2d at 849. The
State has the burden to prove the additional convictions.

 We now turn to the harm analysis. Each conviction involved here was shown by penitentiary
packets and certified copies showing Sanders's prior convictions for unauthorized use of a motor
vehicle in 1985, criminal mischief in 1985, misdemeanor possession of marihuana in 1987, DWI or
driving with license suspended in 1988, misdemeanor DWI in 1989, felony DWI in 1994, DWI third
offense in 1996, and misdemeanor failure to stop and give information in 1999. The penitentiary
packets identify him in various ways: through pictures or fingerprints, his date of birth, and/or his
driver's license number. Detective Dan Reigstad, the State's fingerprint expert, testified that six of
the documents offered to show the prior convictions contained fingerprints which he identified as
Sanders's. 

 Unlike the October 2000 offense, Sanders did not attempt in any way to attack those
convictions or suggest any reason they should be disregarded. He did not concede the validity of the
convictions, but he also did not attack their validity. 

 Under these facts, we are not persuaded that any degree of actual harm has been shown to
exist. Accordingly, the error does not require reversal.

 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: December 31, 2001

Date Decided: January 29, 2002


Publish
1. This is also not a situation questioning the propriety of the admission of the evidence about
the prior conviction under Tex. R. Evid. 901 or 902.
2. Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2002) requires the State to "show" that a
defendant has been previously convicted in order to enhance the punishment. This is not an
enhancement situation, so that statute does not directly apply to these facts.