In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00211-CR


______________________________




THEOPOLIS CARSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


 Bowie County, Texas


Trial Court No. 09F0347-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Theopolis Carson has filed a pro se notice of appeal from his conviction for the offense of
theft. We have now received the certification of Carson's right of appeal as required by Rule 25.2
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 25.2. That certification states that
Carson waived his right of appeal.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Carson has waived his right of appeal, and because the record before us does
not reflect that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim.
App. 2005), we must dismiss the appeal for want of jurisdiction.

 We dismiss the appeal. 


 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 7, 2010

Date Decided: January 8, 2010


Do Not Publish



d giving Beasley
tablets of Vicodin, which had been prescribed to Jones for back pain, and he admitted to accepting
money from Beasley. Jones, though, testified Beasley induced him to sell her the Vicodin by plying
him with sexual favors. 

 Although Jones requested an instruction on corroboration of a covert witness, the trial court
refused to instruct the jury that Beasley's testimony must be corroborated. The jury rejected the
defense of entrapment and found Jones guilty. Jones pled true to having been convicted of two prior
felonies, and the jury assessed punishment at life imprisonment. On appeal, Jones argues the trial
court reversibly erred in denying his requested instruction on corroboration of a covert witness'
testimony. While we agree the trial court erred in denying the instruction, we find the error did not
affect Jones' substantial rights. We affirm the judgment of the trial court.

 Article 38.141 of the Texas Code of Criminal Procedure requires that testimony of a person
who is not a licensed police officer or special investigator, but who is acting covertly on behalf of
the police, be corroborated by other evidence tending to connect the accused to the offense. (2) Brown
v. State, 159 S.W.3d 703, 707 (Tex. App.--Texarkana 2004, pet. ref'd), cert. denied, __ U.S. ___,
126 S.Ct. 485 (2005); see Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005). The State
advances three arguments in support of its position that the trial court did not commit reversible
error. According to the State, Jones failed to preserve error, a corroborating evidence instruction was
not required, and any error was harmless. We will address each of these arguments in turn.

Preservation of Error

 The State contends Jones failed to preserve error because his request for an additional
instruction was insufficient. According to the State, the request was not specific enough to inform
the court of what language should or should not have been added to the charge. In order to preserve
error relating to the jury charge, there must either be an objection or a requested charge. Sanders v.
State, 69 S.W.3d 690, 692 (Tex. App.--Texarkana 2002, pet. dism'd, untimely filed); see Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2006), art. 36.15 (Vernon 2006). 

 In support of its argument that error was not preserved, the State cites Reece v. State, 683
S.W.2d 873 (Tex. App.--Houston [14th Dist.] 1984, no pet.). In Reece, "[t]he defense attorney's
only objection to the charge was oral: 'I would like to have the charge of self defense, standard
form.'" Id. at 874. The Fourteenth Court held that, "[b]y failing to specify which self defense
instruction he desired, appellant failed to properly preserve error." Id. This case is distinguishable
from Reece.

 This Court has held that, "[t]o preserve error[,] a request need only be sufficient to call the
trial court's attention to the omission in the court's charge." (3)
 In Arnwine, this Court found the
defendant's objection to the failure of the charge "to instruct the jury on the defense of necessity" was
sufficient since the record indicated "the trial judge understood Arnwine's objection to the lack of
a charge on necessity and was aware of his request to include that charge." Arnwine v. State, 20
S.W.3d 155, 158 (Tex. App.--Texarkana 2000, no pet.). Similar to Arnwine, the record in this case
clearly indicates the trial court understood the request of a charge on corroboration. The following
exchange occurred between the trial court and Jones' counsel:

 [Defense Counsel]: Your Honor, the only objection I would have would be
to ask for the inclusion of an instruction pursuant to Article 38.141 in the Code of
Criminal Procedure. I also would site [sic] a case regarding that issue, Cantelon
versus State 85 sw. 3rd 457. Specifically, the language requested would be
corroboration testimony regarding the confidential informant and the evidence that
was presented. 


 . . . .


 THE COURT: 38.141 is fairly new, 2002 I believe?


 [State]: Right.


 THE COURT: What does it say?


 [State]: Unless you're a police officer your testimony, in order to sustain a
conviction in State court must be corroborated. That is, a CI acting on their own
cannot sustain a conviction.


 THE COURT: So would you then say if we didn't have the entrapment issue
would he be entitled to this instruction?


 [State]: I would, but basically the defendant has judicially confessed to
committing the offense . . . .


 . . . .


 THE COURT: . . . . Let's think about this logically. He has said to raise the
issue, the defense of entrapment -- which he's done. He's going to get it before the
jury. He admits to the offense, but he says because of other circumstances his
conduct should be excused or he should be acquitted because of inducement, correct?


 [Defense Counsel]: That is my understanding.


 THE COURT: So how could he then be entitled to a charge of
corroboration? . . . .


It is clear from the record that the request directed the trial court's attention to the omission in the
court's charge and that the trial court understood the nature of the request. Jones' request, under the
circumstances of this case, was sufficient to preserve error. See Tex. Code Crim. Proc. Ann. art.
36.15; Arnwine, 20 S.W.3d at 157. 

Corroboration Testimony Required

 Second, the State argues the requested instruction was not required to be given. The State
did not contest, either at trial or on appeal, that Beasley was a covert witness. See Tex. Code Crim.
Proc. Ann. art. 38.141 (Vernon 2005). The State argues the trial court was entitled to rule, as a
matter of law, that there was sufficient corroborating evidence because the defendant had judicially
admitted all the elements of the crime. The State, though, provides no authority for this proposition. 
Our own research has not discovered any support for this position, either. In Herron v. State, the
Texas Court of Criminal Appeals considered the defendant's confession in a harmless error analysis
of denial of an accomplice-witness instruction. 86 S.W.3d 621, 633 (Tex. Crim. App. 2002). We
are not convinced an exception to the corroboration instruction requirement exists under the
circumstances of this case. The trial court erred in denying the requested instruction. 

Harmfulness of Error

 When error occurs in failing to properly instruct the jury on the accomplice-witness rule, our
review of the charge is under the Almanza standard. Almanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1984); see Igo v. State, No. PD-0137-05, 2006 Tex. Crim. App. LEXIS 2445 (Tex. Crim. App.
Dec. 20, 2006); Hall v. State, 161 S.W.3d 142 (Tex. App.--Texarkana 2005, pet. ref'd). The
appropriate harm analysis depends on whether the defendant preserved error by bringing the
improper omission to the trial court's attention. When the error is preserved, we must reverse if
"some harm" is shown. Herron, 86 S.W.3d at 632. 

 A harmless-error analysis for the omission of a covert informant instruction should be
flexible, taking into account the existence and strength of any noninformant evidence and the
applicable standard of harm. See Saunders v. State, 817 S.W.2d 688, 689 (Tex. Crim. App. 1991). 
In determining the strength of a particular item of nonaccomplice evidence, we examine (1) its
reliability or believability, and (2) the strength of its tendency to connect the defendant to the crime. 
Herron, 86 S.W.3d at 632. The reliability inquiry may be satisfied if: "(1) there is non-accomplice
evidence, and (2) there is no rational and articulable basis for disregarding the non-accomplice
evidence or finding that it fails to connect the defendant to the offense." Id. at 633. 

 The test for weighing the sufficiency of corroborating evidence is to eliminate from
consideration the covert witness' testimony and then examine the remaining evidence to determine
if there is evidence that tends to connect the defendant with the commission of the offense. See
Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993); Reed v. State, 744 S.W.2d 112, 125
(Tex. Crim. App. 1988); Hall v. State, 161 S.W.3d 142, 149 (Tex. App.--Texarkana 2005, pet.
ref'd); Cantrell v. State, 75 S.W.3d 503, 509 (Tex. App.--Texarkana 2002, pet. ref'd). The
remaining evidence does not have to directly link the accused to the crime or prove all the elements
of the alleged offense. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). 

 A judicial confession by the accused may be sufficient to corroborate the testimony of a
covert witness even if the confession contains exculpatory assertions. See Jackson v. State, 516
S.W.2d 167, 171 (Tex. Crim. App. 1974) (judicial confession sufficient to corroborate accomplice
testimony despite defendant's testimony he acted in self-defense); see also Thompson v. State, 54
S.W.3d 88, 94 (Tex. App.--Tyler 2001, pet. ref'd). Jones admitted to accepting money from Beasley
in exchange for pills of Vicodin on at least two occasions. In addition, a videotape of the transaction
between Jones and Beasley was introduced into evidence. We conclude there is no rational basis by
which the jury could have concluded the nonaccomplice evidence failed to connect Jones to the
offense. Jones has failed to show the error caused "some harm." The charge error was harmless.

 For the reasons stated, we affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: October 23, 2006

Date Decided: February 1, 2007


Do Not Publish
1. Tex. Health & Safety Code Ann. § 481.114(c) (Vernon 2003).
2. This Court has found the interpretations of Article 38.14 of the Texas Code of Criminal
Procedure relating to accomplice-witness testimony to be persuasive and applicable to Article
38.141. Brown, 159 S.W.3d at 707; see Torres v. State, 137 S.W.3d 191, 196 (Tex. App.--Houston
[1st Dist.] 2004, no pet.); Jefferson v. State, 99 S.W.3d 790, 793 (Tex. App.--Eastland 2003, pet.
ref'd); Young v. State, 95 S.W.3d 448, 451 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd);
Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.--Austin 2002, no pet.). Similar to accomplice
witnesses, covert witnesses may have incentives to lie or shade their testimony in favor of the State
and, therefore, such testimony should be viewed with a measure of caution. Brown, 159 S.W.3d at
707; Young, 95 S.W.3d at 451. 
3. Martin v. State, 67 S.W.3d 340, 345 (Tex. App.--Texarkana 2001, pet. ref'd). This holding
is consistent with other Texas courts. See Atkinson v. State, 923 S.W.2d 21, 24 n.2 (Tex. Crim. App.
1996) ("so long as it calls attention to an error or omission"); Brazelton v. State, 947 S.W.2d 644,
647 (Tex. App.--Fort Worth 1997, no pet.); Reyes v. State, 910 S.W.2d 585, 592 (Tex.
App.--Amarillo 1995, pet. ref'd); Bell v. State, 881 S.W.2d 794, 803-04 (Tex. App.--Houston [14th
Dist.] 1994, pet. ref'd) (the request "need only put the trial court on notice of an omission or error").